SOLOMON M. SCHWARTZ et al., Appellants, *v.* JOSEPH HYMAN, Respondent.

In February, 1879, defendant wrote a letter to plaintiffs requesting them to send to P. a full line of samples "suitable for spring and summer at the lowest figure," adding "I will guarantee the payment of any goods you may sell him, hoping you will comply with my request and attend to it at once." Plaintiff sent the samples as requested; P. ordered various bills of goods from time to time and paid for his purchases up to 1883; for goods sold during that year he did not pay. In an action upon the guaranty, *held*, that it was not a continuing one, but referred simply to and covered the one transaction, *i. e.*, the goods ordered from the samples sent as requested; and that, therefore, plaintiffs were not entitled to recover.

(Submitted November 30, 1887; decided December 20, 1887.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 29, 1885, which affirmed a judgment in favor of defendant entered upon a verdict directed by the court.

The nature of the action and the material facts are stated in the opinion.

*Blumenstiel & Hirsch* for appellants. The instrument in question was a continuing guaranty. (*Agawam Bk.* v. *Stern,* 18 N. Y. 510, 511 ; *City Nat. Bk.* v. *Sherill,* Hill and Denio, Supp. 219 ; *Merchant's Nat. Bank of Whitehall* v. *Hall,* 83 N. Y. 343, 344 ; *Toothe* v. *Elgutter,* 45, Am. R, 103 ; *Gates*

v. *Johnson*, 24 N. Y. 64; *Scott* v. *Myall*, 60 Am. Dec. 487; *Lowe* v. *Beckwith*, 58 id. 659; *Menard* v. *Scudder*, 56 id. 610, 611; *Hotchkiss* v. *Barnes*, 34 Conn. 27.) If the language was in doubt then the evidence to explain what was apparently intended was proper, and the question on this point should have gone to the jury. (*White's Bank* v. *Myles*, 73 N. Y. 335; *Gates* v. *McKee*, 13 id. 232; *Evansville Nat. B'k* v. *Kaufmann*, 93 id. 281.)

*Wm. N. Cohen* for respondent. A contract of guaranty is to be construed, with the object of arriving at the intention of the parties. (*Morgan* v. *Boyer*, 39 O. St. 326; *Bank* v. *Kaufmann*, 93 N. Y. 273, 281; *Rindge* v. *Judson*, 24 id. 64, 70; *Crist* v. *Burlingame*, 62 Barb. 351, 356; *Lawrence* v. *McCalmont*, 2 How. [U. S.] 426, 449.) To ascertain the intention of the parties in the action at bar, attention should not be restricted to the single clause "I will guarantee the payment of any goods which you may sell him," which forms only part of a sentence conveying but a single indivisible idea. (*White's Bank* v. *Myles*, 73 N. Y. 235; *Knowlton* v. *Hersey*, 76 Me. 345; *Morgan* v. *Boyer*, 39 O. St. 324.) Guaranties like other contracts are subject to all the limitation expressed therein, and also to all such as may be fairly implied from their language. (*Bank* v. *Kaufmann*, 93 N. Y. 273, 282; *Rindge* v. *Judson*, 24 id. 64; *Douglas* v. *Reynolds*, 7 Pet. 122; Baylies on Sur. & Guar., etc., § 124.) When no time is fixed and nothing in the instrument indicates a continuance of the undertaking, the presumption is in favor of a limited liability as to time. (*Fellows* v. *Prentiss*, 3 Denio, 512, 519; *Crist* v. *Burlingame*, 62 Barb. 351, 358; Baylies on Sur. & Guar., etc., § 7.) *Bank* v. *Hall*, 83 N. Y. 338; *White's Bank* v. *Myles*, 73 id. 335; *Bell* v. *Buen*, 1 How. [U. S.] 169, 186; *Bank* v. *Kaufmann*, 93 N. Y. 273, 284; *Morgan* v. *Boyer*, 39 O. St. 324.) The fact that the guaranty is unlimited in amount raised a legal presumptive that it was not intended to be unlimited as to the time, but was to be confined to the first lot

of goods sold. (*Rogers* v. *Warner*, 8 John. 192; *Whitney* v. *Groot*, 24 Wend. 82; *Morgan* v. *Boyer*, 39 O. St. 324.) The words " any " or " all " do not determine the nature of a guaranty. (*Rogers* v. *Warner*, 8 John. 119; *Whitney* v. *Groot*, 24 Wend. 82; *Morgan* v. *Boyer*, 39 O. St. 324; *White* v. *Reid*, 15 Conn. 457; *Craemer* v. *Higgiman*, 1 Mason, 323; *Rapelye* v. *Barley*, 5 Conn. 149.) There was no such ambiguity in the guaranty involved in this suit as required the court to go into the evidence of all the attending circumstances. (*Crist* v. *Burlingame*, 62 Barb. 355, 356; *Lawrence* v. *McCalmont*, 2 How. [U. S.] 426; *Rindge* v. *Judson*, 24 N. Y. 64, 70.)

EARL, J. The action was brought upon the following guaranty:

" DES MOINES, *Feb.* 15, 1879.

'Messrs. SWARTZ & JEROWSKI:

" GENTLEMEN AND FRIENDS.— This will inform you that the co-partnership between Weinstock & Posner will be dissolved by the 1st of March, 1879. You will be kind enough to send Jacob Posner a full line of samples, of course suitable for spring and summer, at the lowest figures. And I will guarantee the payment of any goods you may sell him. Hoping you will comply with my request and attend to it at once you will oblige

" Your friend,

" JOSEPH HYMAN,

" *Of the firm of Goldman & Hyman.*"

The defendant and Posner were brothers-in-law and both lived at Des Moines. In accordance with this letter a line of samples was sent to Posner, and he subsequently ordered goods of the plaintiffs. They sold him goods in March, 1879, in May, 1879, August, 1880, February and October, 1881, and in February and November, 1882. All these goods were paid for, and between August 9, 1883, and November 12, 1883, they sold and delivered to him other goods which were not paid for, and then this action was commenced to recover the price of such goods upon his guaranty. The courts below held

that the last sales were not covered by the guaranty and we are of the same opinion.

The defendant's letter, we think, did not constitute a continuing guaranty. It was a request that the plaintiffs would send Posner a full line of samples of their goods suitable for spring and summer. That evidently referred to but one transaction, and not to a number of transactions that might run through a series of years, and the phrase that the defendant would "guarantee the payment of any goods which you may sell him," had reference, we think, to the goods which might be ordered from the samples which they were requested to send. The further language expressing the hope that the plaintiffs would comply with the request and attend to it at once, tends to show that but a single transaction was in the contemplation of the guarantor.

While the construction of this letter is not entirely free from doubt, we think the most obvious, reasonable and natural construction of the language used is that which we have thus given. Very little, if any aid for the construction of this guaranty can be derived from reported cases. The general rule recognized by all the authorities is that the language of such a guaranty should be interpreted with a view of reaching the intention of the parties thereto, and that while the guarantor should be held to every obligation fairly and reasonably embraced within the language which he used, his language should not be strained beyond its obvious meaning for the purpose of enlarging his liability. (*Rindge* v. *Judson*, 24 N. Y. 64; *White's Bank* v. *Myles*, 73 id. 335; *Evansville Nat. Bank* v. *Kaufmann*, 93 id. 273.)

The construction of such a guaranty must always be largely influenced by the precise language used, viewed in the light of the circumstances attending its execution; and giving full effect to all the language thus viewed, we think the plaintiff was properly non-suited.

The judgment should be affirmed

All concur.

Judgment affirmed.