## STERN *et al.* v. JAMES.

*(Supreme Court, General Term, First Department. January 28, 1889.)*

1. GUARANTY—CONSTRUCTION—CONTINUING GUARANTY.
    Plaintiffs having refused to open an account on credit with a third person, defendant wrote them that any goods they might sell such third person would be promptly paid for, and, if not so paid for by her, he (defendant) would "pay the account." *Held*, that this guaranty was continuous, and applied to goods sold to the third person several years thereafter, though in the mean time several bills of goods had been sold to her on credit, for which she had paid.

2. SAME—FORM OF ACTION.
    The fact that an action on the guaranty is brought for a single bill of goods, and not on an account, or for a balance of an account, is immaterial.

3. SAME—PLEADING AND PROOF.
    Defendant having admitted the making of the guaranty, but having averred that the sale was not made on the credit thereof, evidence as to the circumstances inducing him to write the guaranty is properly excluded, as not relevant to the issues.

Appeal from special term, New York county.

Action by Isaac Stern, Louis Stern, and Benjamin Stern, copartners doing business under the firm name of Stern Bros., against Cornelius W. James. Upon a trial by the court without a jury, judgment was entered for plaintiffs, and defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*James M. Ball,* for appellant. *Adolph L. Sanger,* for respondents.

VAN BRUNT, P. J. The respondents in this action were copartners doing business in the city of New York, as importers and retailers of dry goods, and, for the purpose of giving credit to one Miss M. F. Bryan, the appellant caused to be written the following letter: "NEW YORK, Dec. 26th, 1882. *Messrs. Stern Bros.*—GENTLEMEN: Our Mr. C. W. James instructs me to say in his absence that any goods you may sell to Miss Bryan would be promptly paid for, and, if not so paid for by her, he will pay the account. Yours, truly, JOHN H. COMER." Subsequent to the giving of this guaranty, and

solely upon the faith thereof, the respondents sold to Miss Bryan divers bills of goods, which were paid; and between the 12th of January, 1885, and the 11th of March, 1885, relying solely upon the faith of such guaranty, the respondent sold certain other goods and merchandise, consisting of dry goods and wearing apparel, to Miss Bryan, amounting in the aggregate to the sum of $277.07. Payment of said sum was demanded of Miss Bryan, but the same has not been paid. The respondents subsequently gave notice of such non-payment to the appellant, and demanded payment of the same, which was refused, and thereupon this action was commenced. Upon the trial, judgment was rendered in favor of the respondents, from which judgment this appeal is taken.

The principal ground of objection which is urged is that the guaranty given by the appellant did not cover the sale of the goods made by the respondents, for the reason that the guaranty was not a continuing one, but only applied to the first bill of goods sold to Miss Bryan subsequent to its being given. The rule is undoubtedly well settled that in the construction of a guaranty, if the plain terms of the contract may be fulfilled by being confined to one transaction, courts are not anxious to extend it to others; but where it is reasonably clear that the guaranty was intended to be continuous, and to apply to more than one transaction, then, under the ordinary rules of construction, it must be held to be continuous. In the case at bar, it is apparent, from the circumstances of the parties, Miss Bryan being engaged in the millinery business, and purchasing from time to time for that business, and having applied to the plaintiffs for the purpose of opening an account, and the plaintiffs having declined to open such account on her credit, and the defendant having furnished this guaranty in order to induce them to open the account, that no other construction can be placed upon the guaranty. The guaranty is not to pay for any single bill of goods which might be purchased, but that, if Miss Bryan did not promptly pay her account, the defendant would do so. It is the account which was to be paid, not a particular bill; and Miss Bryan was the applicant to open the account, which evidently refers to a continuous account, and not a single transaction. The case of *Schwartz* v. *Hyman*, 107 N. Y. 562, 14 N. E. Rep. 447, in no way conflicts with this view. In that case, from the wording of the guaranty, it was apparent that the guarantor only intended to guaranty the bill of goods which should be selected from the line of samples which were then sent,—a circumstance which clearly distinguishes the case from the one at bar.

The objection that this action is not on an account, or for a balance of an account, but for the bill of goods purchased March 4, 1885, is not well taken. It is entirely immaterial what the form of the action may be,—whether for this single bill, or for a bill included with others. The action is in reality for the balance which may be due upon the account which Miss Bryan had with the respondents, which account the appellant guarantied.

The objection that error was committed in the exclusion of the questions put to Mr. James, as to his inducements in writing the letter, and as to the circumstances which impelled him to write it, are not well taken. There was no question of this kind raised by the pleadings. The defendant admitted the making of the guaranty, but denied his liability, and denied any knowledge or information sufficient to form a belief as to the sale of the goods, and averred that the sale was not made upon the credit of the guaranty, but upon the credit of Miss Bryan. This raised no issue calling for the evidence as to the circumstances under which the appellant signed the guaranty, or the inducements which operated upon his mind. The simple issues involved were: Did the respondent sell the goods? did Miss Bryan owe for them? were they sold upon the faith of this guaranty? and did such guaranty cover this sale? The evidence as to the inducements which Miss Bryan held out to the appellant to induce him to sign this guaranty had no relevancy whatever to these

v.4 N.Y.s. no.1—2

issues. It tended in no manner to elucidate any of the questions involved. It was therefore no error to exclude this evidence. The judgment appealed from must be affirmed, with costs. All concur.