FROMENT et al. v. TAYLOR.

(Supreme Court, Appellate Term. January 23, 1899.)

CONTINUING GUARANTY—WHAT CONSTITUTES.

On inquiring for prices of goods, they were furnished the president of a corporation, and he was informed that orders from the company would be accepted only if security was given. He thereupon gave an order for goods, and his personal guaranty, reciting the purchase of a bill of goods,

55 N.Y.S.—39

and stating, "I am so confident of the prompt payment of the bills that we purchase from you that I hereby personally guaranty the payment of them within the time mentioned." *Held* a continuing guaranty.

Appeal from city court of New York, general term.

Action by Frank L. Froment and another against Nathaniel Taylor. From a judgment of the general term (54 N. Y. Supp. 1099) affirming a judgment for plaintiffs, defendant appeals. Affirmed.

A witness for plaintiffs testified that he was requested to call at the company's office in regard to an order. They wanted a price for the goods. Witness took the inquiry, and brought it to the office, and went to plaintiffs for prices, which were given him; and he took them to the president of the corporation, saying they could not accept any orders from the coal company unless security was given. To this defendant answered that he would become responsible. Witness asked him to put it in writing, whereupon he wrote the guaranty sued on, and gave it, together with the order for the goods under consideration, to witness, who took it to plaintiffs, and the goods were thereupon shipped.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

George W. Moon, for appellant.
Robert J. Mahon, for respondents.

PER CURIAM. The defendant, at the times of the transactions hereinafter mentioned, was the president of the Natalie Anthracite Coal Company, a foreign corporation. Between December 20, 1896, and February 30, 1897, plaintiffs sold and delivered to said corporation merchandise at the agreed price of $316.79. Said sum not being paid on demand, the plaintiffs brought this action, to recover therefor from the defendant as guarantor. The plaintiffs succeeded at the trial term and before the general term of the city court. At the conclusion of plaintiffs' case, the court denied the motion of defendant to dismiss the complaint. The defendant rested, without offering any testimony, and did not ask that any question of fact be submitted to the jury. The court directed a verdict for the plaintiffs.

The determination of the appeal herein depends upon the construction given to the guaranty upon which the action was brought. There is no conflict of evidence. The guaranty is as follows, viz.:

"Messrs. Froment & Co.—Gentlemen: I understand we have purchased from your company a bill of goods amounting to something less than a thousand dollars, and you find that the commercial agencies do not give us any particular rating. I write this letter to assure you that the bills will be paid at maturity, which I understand is within 30 days from shipment. I am so confident of the prompt payment of the bills that we purchase from you that I hereby personally guaranty the payment of them within the time mentioned, —30 days. If you want any further reference, will you kindly see the Seventh National Bank of this city, with whom we do our banking? I think you will get a satisfactory reference from them.

"Very truly, yours,  N. Taylor."

It appears that all the goods sold to the corporation subsequent to the guaranty, and including the sales above mentioned, did not exceed $700. The recognized rule of construction requires an interpretation that shall express the intention of the parties there. See Schwartz v. Hyman, 107 N. Y. 562, 14 N. E. 447. We think the most reasonable

construction of the language used in the guaranty, viewed in the light of all the circumstances attending its execution, so far as they can be gathered from the record, is that it referred to a future course of dealing, for an indefinite time, between the corporation and the plaintiffs. See Rindge v. Judson, 24 N. Y. 71. If this view is to be adopted, the instrument must be deemed to be a continuing guaranty. The court below so interpreted it, and we think correctly. The record discloses no errors that demand a reversal of the judgment.

The judgment must be affirmed, with costs.