MABEL E. GETMAN, Appellant, *v.* GEORGE NIFEROPULOS and Others, Respondents.

FAYETTE E. MOYER, Appellant, *v.* BLANCHE WILSON and Others, Respondents.

Third Department, June 25, 1936.

*Fayette E. Moyer*, for the appellants.

*Alfred D. Dennison*, for the respondents.

HILL, P. J.   These actions were brought in July, 1933, to foreclose mortgages upon two parcels of real property belonging to defendant Niferopulos.   Appeals have been taken from orders or judgments made following the judgment of foreclosure and sale in each case which determined that unpaid taxes are liens upon the properties and are to be paid by the referee as directed by section 1087 of the Civil Practice Act.   The action wherein Getman is plaintiff is for the foreclosure of two mortgages on a business block on South Market street, Johnstown, N. Y.   The Moyer action is to foreclose a mortgage upon residence property on Charles street in the same city.   Under the charter of the city (Laws of 1905, chap. 593), the State and county, city, school and local improvement taxes are levied and collected separately each year.   Eleven separate levies made against the Charles street property and eight made against the South Market street property between 1925 and 1930 remained unpaid in 1931 when an attempt was made to reassess these items, including interest, fees and penalties.   The Special Term has decided that the sewer tax assessment was illegal.   The city has taken no appeal from this determination.   In the Moyer action (Charles street) the ten items (excluding that for the sewer) originally amounted in the aggregate to $229.96.   These, through including interest, etc., in the reassessment, amounted to $282.81.   In the Getman action (South Market street) the eight items originally amounted in the aggregate to $1,346.60.   These were reassessed at $1,744.79.   The orders or judgments appealed from fixed the liens at the amount of the reassessments.

The charter of the city contains a complete system for the assessment, levying and collection of taxes.   The procedure is given in detail in connection with State and county taxes.   (§ 92 *et seq.*)   The same proceeding, with supplemental provisions (§§ 99 *et seq.*

and 229 *et seq.*), is followed as to city and school taxes. Following the original levy of these taxes no steps were taken to enforce collection or to sell the premises liened until after the reassessment.

The city charter fixes fees which may be included when payment is made to the city chamberlain, the amount being determined by the time of payment, and if payment is not made within a prescribed period following the signing of the warrant, the tax and interest may be collected by distress and sale of the goods and chattels of the taxpayer, or an action may be brought for the tax, including interest and fees. "In case any of the taxes * * * shall remain unpaid after the foregoing proceedings shall have been taken" (§ 103), the chamberlain is to deliver a list to the assessor who is required to correct errors and revise the roll, giving notice of a hearing in connection therewith, and thereafter "a certified copy of such revised assessment roll shall be filed in the office of the clerk of Fulton county. All taxes and assessments on real property shall cease to be liens thereon, as against subsequent purchasers, mortgagees and the holders of other incumbrances unless such certified copy shall be so filed within one year after the making of the original assessment-roll. Such liens shall cease as against such persons five years after the date of filing such certified copy." (§ 105.)

The mortgage upon the Charles street property (Moyer) was executed before any of these taxes were levied. The mortgage upon the Market street property (Getman) was executed after the levy of $147.60 for the 1925 school taxes. The certified copy of the roll not having been filed in the county clerk's office, this amount has ceased to be a lien. The attempt to reassess in 1931 was without effect. The charter provision (§ 114) permits reassessment only "in case any tax or assessment on property shall be void or shall have failed for want of jurisdiction, or for any irregularity in the levy or assessing thereof, the common council shall cause the same to be reassessed." None of the assessments or levies under consideration came within the purview of this provision.

Under the charter, interest and penalties may be charged to a delinquent taxpayer in the event the city officials have followed the procedure outlined. This they did not do. "Municipal, like private corporations, must act within the limitations prescribed by the sovereign power, and they cannot impose a charge upon the person or property of individuals unless they proceed in the manner prescribed by law." (*City of Rochester* v. *Bloss*, 185 N. Y. 42, 50.) A city may not take private property unless the right is expressly conferred and then only when the procedure prescribed is strictly followed. (*Schneider* v. *City of Rochester*, 160 N. Y. 165.) The

taxes as originally levied were liens upon the real property. These liens continue except the 1925 school tax. There is no provision in the charter under which interest may be charged against the delinquent taxpayer unless the officials have taken the step prescribed.

The orders or judgments should be reversed on the law, in so far as they allow interest, fees, etc., and in the Getman action in so far as it is determined that the 1925 school tax is a lien, and as so modified affirmed, with costs to the appellant. The liens in the Moyer case are fixed at $227.86, with interest from July 24, 1934, and in the Getman case at $1,199, with interest from July 24, 1934.

In the Getman case:

RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment reversed in part on the law and facts; the portion reversed affecting the paragraph thereof numbered " 2," which paragraph as modified by the reversal shall read, " That out of the proceeds of the sale in this action the referee shall pay $1,199.00 with interest from July 24, 1934."

The court reverses the following findings of fact contained in the decision: 6 (the number is apparently incorrect and should be 8 as it follows finding number 7) and 16, and modifies No. 5 in so far as it includes penalties and interest and substitutes for the sum therein mentioned $1,199 and makes the following new finding: That levies to the amount of $1,199 became, at the time each was made, and still remain, liens upon the real property described in the complaint, such sum to bear interest from July 24, 1934, the date when the decision was filed and the supplemental judgment entered.

In the Moyer case:

RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment reversed in part on the law and facts, with costs to the appellant; the portion reversed affecting the paragraph thereof numbered " 2," which paragraph as modified by the reversal shall read: " That the unpaid State and county, city and school taxes amounting to $227.96 with interest thereon from July 24, 1934, are valid and subsisting taxes and liens upon the real property described in the complaint," and the paragraph numbered " 3 " is modified to read as follows: " That out of the proceeds of the sale in this action the referee shall pay said taxes so determined to be a lien, with interest from July 24, 1934, to the date of payment."

The court reverses the following findings of fact contained in the decision: 7 and 15, and modifies No. 5 in so far as it includes penalties and interest and substitutes for the amount therein mentioned $227.96, and makes the following new finding: That levies to the amount of $227.96 became, at the time each was made, and still remain, liens upon the real property described in the complaint, such sum to bear interest from July 24, 1934, the date when the decision was filed and the supplemental judgment entered.