HENRY B. WESSELMAN et al., as Executors of BLANCHE WESSELMAN, Deceased, Respondents, v. THE ENGEL COMPANY, INC., et al., Appellants, et al., Defendants.

Argued February 23, 1955; decided June 10, 1955.

*Zenaida Drabkin* and *Mortimer H. Koenig* for appellants. I. Plaintiffs' flagrant laches, both in the institution and in the prosecution of this action, should have barred their recovery. (*Mutual Life Ins. Co.* v. *United States Hotel Co.*, 82 Misc. 632; *Becker* v. *Faber*, 280 N. Y. 146; *Brooklyn Sav. Bank* v. *Joseph Wechsler Estate*, 259 N. Y. 9; *Peoples Trust Co.* v. *O'Neil*, 273 N. Y. 312; *M. & C. Creditors Corp.* v. *Pratt*, 172 Misc. 695; *Feldman* v. *Metropolitan Life Ins. Co.*, 259 App. Div. 123; *Chatham Nat. Bank* v. *Pratt*, 135 N. Y. 423; *Delaware Trust* v. *Calm*, 195 N. Y. 231; *Bloomquist* v. *Farson*, 222 N. Y. 375; *Lightfoot* v. *Davis*, 198 N. Y. 261.) II. The neglect of plaintiffs diligently to foreclose the mortgage and collect the debt released the estate of George C. Engel and The Engel Company, Inc., of any liability for a deficiency judgment since the whole debt could have been collected from the land if plaintiffs had proceeded expeditiously. (*National Sav. Bank of City of Albany* v. *Fermac Corp.*, 241 App. Div. 204, 266 N. Y. 443; *Remsen* v. *Beekman*, 25 N. Y. 552; *Home Owners' Loan Corp.* v. *Wood*, 164 Misc. 215; *White* v. *Wielandt*, 259 App. Div. 676.) III. The order on the motion for a continuance and the affirmance of the order by the Appellate Division were not *res judicata* and did not establish the law of the case on the question of laches. (*Matter of Lord*, 78 N. Y. 109.) IV. On behalf of administrator appellant only: The Referee erroneously construed the guarantee sued on as a guarantee of payment instead of a guarantee of collection. (*Bank of United States* v. *Andron*, 155 Misc. 21; *White* v. *Wielandt*, 259 App. Div. 676; *McMurray* v. *Noyes*, 72 N. Y. 523; *Craig* v. *Parkis*, 40 N. Y. 181; *Chatham Nat. Bank* v. *Pratt*, 135 N. Y. 423; *Northern Ins. Co.* v. *Wright*, 76 N. Y. 445.) V. On behalf of administrator appellant only: The agreement of guarantee covers only principal and interest. (*Equitable Life Assur. Soc.* v. *Toplitz*, 69 Misc. 457; *Moyer* v. *Wilson*, 248 App. Div. 5; *Coudert* v. *Huerstel*, 60 App. Div. 83; *Riverhead Sav.*

*Bank* v. *Carr,* 119 Misc. 347; *McConihe Realty Co.* v. *Henry Scharnberger, Inc.,* 240 App. Div. 861; *White* v. *Wielandt,* 259 App. Div. 676, 286 N. Y. 609; *Central Hanover Bank & Trust Co.* v. *Roslyn Estates,* 266 App. Div. 244, 293 N. Y. 680.)

*Francis S. Bensel* and *Douglas A. Witschieben* for respondents. I. The claim of laches in the prosecution of the action is not subject to review on this appeal, since appellants have not specified in their notice of appeal that they seek a review of the intermediate order granting a continuance. (*O'Connor Long Is. Properties Corp.* v. *Bruckman,* 288 N. Y. 23; *Landmesser* v. *Hayward,* 157 App. Div. 74; *Matter of Flanagan,* 271 App. Div. 1014; *Coit* v. *Campbell,* 82 N. Y. 509; *Lyon* v. *Park,* 111 N. Y. 350.) II. Plaintiffs were not guilty of laches in instituting or in prosecuting the action. Until administration was taken out on the estate of the guarantor, there was no one against whom the action could be continued. (*Lyon* v. *Park,* 111 N. Y. 350; *Coit* v. *Campbell,* 82 N. Y. 509; *National Sav. Bank of City of Albany* v. *Fermac Corp.,* 241 App. Div. 204, 266 N. Y. 443; *Remsen* v. *Beekman,* 25 N. Y. 552; *Newton* v. *Evers,* 77 Misc. 619, 161 App. Div. 811, 215 N. Y. 198; *Newcomb* v. *Hale,* 90 N. Y. 326; *Chatham Nat. Bank* v. *Pratt,* 135 N. Y. 423; *M. & C. Creditors Corp.* v. *Pratt,* 172 Misc. 695.) III. The guarantee is one of payment, and not of collection. (*Loos* v. *McCormack,* 107 App. Div. 8; *McMurray* v. *Noyes,* 72 N. Y. 523.) IV. The guarantee covers taxes, assessments and water rates. (*White* v. *Wielandt,* 259 App. Div. 676, 286 N. Y. 609.)

FROESSEL, J. Defendants-appellants challenge only the deficiency provisions of the judgment entered against them in this foreclosure action. The facts are sufficiently outlined in the opinion of Judge DYE, with which we agree excepting as to the liability of the appellant estate for taxes and assessments (and interest thereon) totaling $24,442.40, under George C. Engel's guarantee.

The brief, unacknowledged guarantee on which respondents rely was typewritten on the back of the extension agreement dated October 14, 1922. By its provisions, George C. Engel, who died in 1936, guaranteed " payment of [1] principal and [2] interest of said mortgage, [3] together with any and all expenses of foreclosure of said mortgage ". The entire princi-

pal sum of the mortgage was $19,000. The Special Referee found the total mortgage *indebtedness,* with interest, to be $67,251.69.

It is said that the afore-mentioned taxes and assessments are " expenses of foreclosure of said mortgage " within the terms of said guarantee, and reliance for this holding is placed on section 1087 of the Civil Practice Act. But that statute says nothing about " expenses of *foreclosure* ". It merely provides that taxes and assessments " *which are liens upon the property sold* * * * are deemed expenses of the *sale* within the meaning of that expression as used in any provision of *this article.*" (Emphasis supplied.) The purpose of this section is to protect, not the mortgagee, but the purchaser on a foreclosure sale, who is entitled to a clear title (*Moyer* v. *Wilson,* 248 App. Div. 5, mod. 276 N. Y. 161; *Equitable Life Assur. Soc.* v. *Toplitz,* 69 Misc. 457, affd. 143 App. Div. 929; *Coudert* v. *Huerstel,* 60 App. Div. 83). In short, it directs the referee to pay out of the proceeds of the sale *unpaid* taxes and assessments so that he can give title free of such then existing liens.

To put it otherwise, taxes and assessments which are no longer liens cannot be deemed " expenses of the sale ", and, in any event, the definition " of that expression " is limited to that statute. It cannot control the meaning of a different expression as used in a private guarantee. George C. Engel did not guarantee taxes or assessments, or a total mortgage indebtedness, which between the mortgagor and mortgagee may include any number of items *they* may agree on. All that Engel guaranteed was (1) " principal ", (2) " interest " and (3) " expenses of *foreclosure* " — not the " expenses of *sale* " as defined by and limited in section 1087 of the Civil Practice Act. " Expenses of foreclosure ", in plain, everyday language, simply means, to lawyer and layman alike, the customary foreclosure *expenses,* namely, costs and lawful disbursements, extra allowances, referee's fees and publication charges, and that is all the parties here could have intended. The guarantor should not be bound beyond the express terms of his guarantee (see *Flyer* v. *Elms Realty Co.,* 241 App. Div. 828, affd. 267 N. Y. 618). It would be wrong in any case; it would be shocking to do so on this thirty-two-year-old guarantee.

*White* v. *Wielandt* (259 App. Div. 676, 260 App. Div. 871, affd. 286 N. Y. 609) and *Central Hanover Bank & Trust Co.* v.

*Roslyn Estates* (266 App. Div. 244, affd. 293 N. Y. 680) are not controlling here. These cases merely hold that in a standard form mortgage such items as taxes and assessments — and we might add insurance premiums and repairs — are frequently made a part of the entire "mortgage debt", for which the obligor expressly agreed to be responsible, but these items do not therefore become the principal of the mortgage. In this case, the guarantor's liability is limited by the scope of *his* agreement only, not the obligor's. The Special Referee recognized this by including insurance premiums and repairs as part of the judgment *against the obligor only*. He should have done likewise with respect to the taxes and assessments. In that respect he fell into error by incorrectly construing section 1087 of the Civil Practice Act. Accordingly, there should be deducted from the amount of $63,276.98 in the last ordered paragraph of the Special Term judgment the sum of $24,442.40, representing the aforesaid taxes, assessments and interest.

The judgment of the Appellate Division should be modified, and the matter remitted to Special Term for further proceedings in accordance with this opinion, with costs in all courts to the appellant estate against plaintiffs-respondents.

DYE, J. (dissenting in part). In this action to foreclose a mortgage and to enforce a guarantee of its payment, the defendants-appellants in the Appellate Division appealed from so much of the judgment of foreclosure and sale as directed (Civ. Prac. Act, § 1083) a judgment for deficiency against The Engel Company, Inc., as obligor, and the estate of George C. Engel, as guarantor. The Appellate Division affirmed by a divided court. The appeal is here as of right.

While the appellants concede that plaintiffs had a right to foreclose their mortgage, which was in default for nonpayment of interest, they nonetheless contend that plaintiffs' delay of nearly seventeen years in prosecuting such action to judgment relieves appellants of liability for any deficiency, failing which the appellant guarantor makes the additional point that, in any event, he is not liable for a deficiency insofar as it includes amounts paid by the mortgagee for taxes with interest from time of payment, on the ground that such items were not covered by the guarantee.

Both of these contentions were rejected in the court below and we think properly so. Although an action to foreclose a mortgage is equitable in nature and, like other actions, is subject to limitations of time for commencement, the doctrine of laches is not available as a defense so long as the statutory period allowed for the commencement of foreclosure has not expired. Here, concededly, the suit was commenced within about six weeks of accrual which was within the twenty-year period then allowed (Civ. Prac. Act, § 47, prior to 1938; cf. § 47-a). While we have not heretofore considered this precise question, we are satisfied that the subsequent delays in prosecution afford no substantial ground for denying plaintiffs right to a deficiency. This is in harmony with generally accepted doctrine that a mortgagee's alleged laches within an unexpired period of limitation for commencement of suit is no defense to a foreclosure action (2 Warren's Weed on New York Real Property [4th ed.], p. 511; *Monroe Co. Sav. Bank* v. *Baker,* 147 Misc. 522; *Cross* v. *Allen,* 141 U. S. 528; *Riordan* v. *Ferguson,* 147 F. 2d 983; *Niagara Fire Ins. Co.* v. *Fitzsimmons,* 101 N. J. Eq. 437; *Wilson* v. *Stevens,* 105 N. J. Eq. 377, 381).

We turn now to a consideration of the extent of appellant guarantor's liability for a deficiency. The Special Referee, in addition to the usual and customary items going to make up the expenses of sale, determined that the sums advanced by the mortgagee for taxes and assessments with interest from time of payment constituted proper " expenses of sale " for which the guarantor " by the express terms of the instrument of guarantee and by virtue of this applicable provision of the Civil Practice Act [§ 1087] is liable for the payment ". The court below was unanimous as to this aspect of the case, the dissenting Judges having disagreed as to the availability of plaintiffs' laches in prosecution as a defense.

The mortgage in suit was initially given in 1906 to the Union Trust Company of New York to secure a loan of $19,000 with interest at 4½% on premises at 121 Barclay Street, New York City. Subsequently the premises were conveyed to The Engel Company, Inc., subject to the lien of the mortgage. Later and in 1922, after the mortgage had been assigned to Blanche Wesselman, plaintiffs' decedent, at the request of The Engel Company, Inc., she extended the maturity of the mortgage for five years

to October 2, 1927. Coincident with the making of such extension agreement and forming a part thereof, George C. Engel, now deceased, the treasurer and principal stockholder of The Engel Company, Inc., for the purpose of inducing the extension, executed a guarantee of payment which was indorsed on the back of the extension agreement, viz.: " For and in consideration of the sum of one dollar and other valuable consideration to me in hand paid by Blanche Wesselman, the receipt whereof is hereby acknowledged, and in order to induce said Blanche Wesselman to take an assignment of said mortgage herein mentioned and extend the same for a period of five years at five and one half per cent. interest, I do hereby guarantee to said Blanche Wesselman the prompt and punctual payment of principal and interest of said mortgage together with any and all expenses of foreclosure of said mortgage."

The appellant guarantor does not doubt that taxes and assessments when paid by the mortgagee may be added to the mortgage debt, but says that his guarantee did not extend to the mortgage debt, but was restricted to the payment of principal and interest.

There is no merit to this contention. Its mere assertion in light of the documentary evidence refutes its substance. The bond, mortgage and extension agreement are in standard form containing the usual covenants on the part of the mortgagor to pay the indebtedness and interest and also to pay taxes, assessments, water rates, make repairs and carry insurance (Real Property Law, § 254). The guarantee recited that it was given to induce the extension of the mortgage which, by its terms, was then due and which The Engel Company, Inc., of which the guarantor was chief executive and principal stockholder, had not assumed or agreed to pay when it took title. Under such circumstances we are obliged to read the word " principal " as synonymous with the principal debt which it was given to secure. In so ruling we follow well-established doctrine that a guarantee must be viewed in light of the nature of the transaction to which it relates and the purpose for which it was made (*Catskill Nat. Bank* v. *Dumary,* 206 N. Y. 550; *Bennett* v. *Draper,* 139 N. Y. 266; *Powers* v. *Clarke,* 127 N. Y. 417; *Schwartz* v. *Hyman,* 107 N. Y. 562; *Schmitz* v. *Langhaar,* 88 N. Y. 503; *Herskovits Fur Co.* v. *Hollander,* 138 Misc. 456, affd.

232 App. Div. 802, affd. 257 N. Y. 606). This principle underlies our holding in *Flyer* v. *Elms Realty Co.* (241 App. Div. 828, affd. without opinion 267 N. Y. 618). There the guarantee was given by the assignor of a mortgage in order to induce the assignment. By its express terms, the assignor guarantor's liability was expressly limited to the amount of unpaid balance of principal which, in effect, was to say " without recourse " beyond the unpaid balance of principal and interest. Upon foreclosure we deemed the assignor guarantor's liability for a deficiency had thereby been limited to the balance of unpaid principal.

Furthermore, any doubt of intent is removed by the guarantor's further covenant expressly guaranteeing payment of " all expenses of foreclosure ".

By statutory enactment all taxes and assessments which are a lien on the property sold are payable out of the proceeds as an expense of sale (Civ. Prac. Act, § 1087). The appellant would have us construe this provision as limited to taxes and assessments actually unpaid at the time of sale; that because the mortgagee paid the taxes accruing after default and before sale rather than leaving them open and unpaid, with the consequent liability for interest and excess penalties, and risk of forfeiture under delinquent tax statutes, they are not " unpaid " within the meaning of section 1087 and, accordingly, may not be considered as an expense of sale. Such contention is wholly lacking in merit. It would operate to penalize the diligent mortgagee, who acts promptly to preserve his security, and to favor the improvident. Nor can we believe the appellant is serious in advancing any such proposition for had such a course been followed the expenses of sale might well have been far in excess of what they now are and the guarantor's liability greatly increased. Accordingly, when the language of the guarantee is read in light of the applicable statute, the sums advanced by the mortgagee for taxes and assessments with interest from the date of payment are properly charged as a part of the judgment for a deficiency (Civ. Prac. Act, §§ 1083, 1087; *White* v. *Wielandt,* 259 App. Div. 676, 260 App. Div. 871, affd. 286 N. Y. 609; *Central Hanover Bank & Trust Co.* v. *Roslyn Estates,* 266 App. Div. 244, affd. 293 N. Y. 680).

The judgment should be affirmed, with costs.

Upon appeal of defendant The Engel Company, Inc.: Judgment affirmed.

CONWAY, Ch. J., DESMOND, DYE, FULD, FROESSEL, VAN VOORHIS and BURKE, JJ., concur.

Upon appeal by defendant estate of George C. Engel, deceased: Judgment modified, etc.

CONWAY, Ch. J., FULD, VAN VOORHIS and BURKE, JJ., concur with FROESSEL, J.; DYE, J., dissents in an opinion in which DESMOND, J., concurs.