A. Franklin Mahoney, J.
Defendant, Carl Gr. G-rimm, seeks an order pursuant to CPLB 3025 (subd. [b]) permitting him to serve an amended answer setting forth a cross complaint against the defendant, Interstate Motor Freight System. The plaintiff did not appear in opposition. Defendant, Interstate, opposes the motion alleging that the lease between the defendants that defendant G-rimm seeks to include in his answer by amendment had expired prior to the date of the happening of the accident alleged in the complaint and, therefore, has nothing to say respecting the rights of the defendants in this lawsuit. The defendant is correct in this position and the motion must be denied.
Section 232-c of the Beal Property Law provides that “ where a tenant whose term is longer than one month holds over after the expiration of such term, such holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant’s holding over ”. The purpose of section 232-c, effective September 1, 1959, was to change • the common-law rule that a holdover tenant may be held as a tenant for a new term. If, after a lease expires, the tenant remains in possession as a tenant from month to month pursuant to section 232-c of the Beal Property Law, he loses any options, privileges or rights he may have had during the term of the lease. The options, privileges, duties, rights and obligations of the parties under a lease are only valid during the original term and do not obtain in a hold over tenancy (Gulf Oil Corp. v. Buram Realty Co., 11 N Y 2d 223; Friederang v. Ruth Aldo Co., 199 App. Div. 127; Manhattan Gear & Instrument Co. v. 2350 Linden Blvd. Corp., 27 A D 2d 570; Matter of Lazarus v. Flournoy, 28 A D 2d 685).