*922 OPINION OF THE COURT
Gustin L. Reichbach, J.
Plaintiff brought this action for rent claimed due under a written lease agreement. On June 22, 1988, plaintiff entered into a written lease agreement with defendants Alexander Glukhman and Klaudia Glukhman named as tenants and defendants Lydia Tuberman [nee, Kahan] and Yefim Tuber-man named as guarantors. That lease was for a term of two years and two weeks, expiring July 31, 1990. A lease renewal agreement, for an additional two-year term, commencing August 1, 1990, was subsequently entered into by plaintiff and by defendants Alexander and Klaudia Glukhman. Defendants Kahan and Tuberman are not named on the renewal agreement, as guarantors or anything else, nor did they execute the renewal. It is not disputed that the rents sought by plaintiff in this action are rents claimed due during the renewal term. Defendants Lydia Kahan and Yefim Tuberman move for summary judgment dismissing the complaint against them pursuant to CPLR 3211 (a) (1), (5), (7), (8) and 3212. While the moving defendants challenge the sufficiency of the guarantee in the original lease, the plaintiff in its opposition papers has correctly identified the issue posed to the court, "whether or not the guarantee applies to the renewal lease”.
Research has failed to reveal any decisions concerning the continuing obligations of a guarantor of an initial rent-stabilized lease for renewal leases to which the guarantor is not a party. Since the Rent Stabilization Law requires a landlord to continue to offer renewal leases, adoption of plaintiff’s theory in this case would require a finding that once a person guarantees an initial rent-stabilized lease, they are liable indefinitely for all renewal leases, even in the absence of an expressed agreement to be held liable. The court rejects such a proposition. While the doctrine is well established in analyzing the extent of a guarantor’s liability that a guarantee must be viewed in light of the nature of the transaction to which it relates and the purpose for which it was made (Wesselman v Engel Co., 309 NY 27, 33 [1955] [Dye, J., dissenting]), the majority of the Court of Appeals emphasized that "the guarantor’s liability is limited by the scope of his agreement only, not the obligor’s.” (Wesselman v Engel Co., 309 NY, at 31, supra.) Expressing the view that the obligations of a guarantor should be strictly construed, the Court declared that, "[T]he guarantor should not be bound beyond the express terms of *923 his guarantee”. (Supra, at 30.) Consequently, New York law has been viewed as holding that "unless the terms of the guaranty clearly import a continuing liability, it will be held limited to the transaction for which it was given.” (In re Bohack Corp. v Luigi Goldstein, Inc., 2 Bankr 556, 558 [US Bankr a, ED NY 1980].)
There was nothing in the original lease guaranteed by the moving defendants that provided for their continuing liability for any renewal or extension of that lease. They were not named in the renewal lease and were not notified that the lease was being renewed. In the absence of unmistakable language in the original agreement from which it may be found that the parties intended the guarantee to continue during periods of renewal, the complaint should be dismissed. (Gulf Oil Corp. v Buram Realty Co., 11 NY2d 223 [1962]; see also, Kalinowski v Interstate Motor Frgt. Sys., 69 Misc 2d 414 [Sup Ct, Rensselaer County 1972], and cases cited therein.)
Motion to dismiss granted as to defendants Kahan and Yefim Tuberman.