*999 OPINION OF THE COURT
Per Curiam.
Judgment entered June 12, 1996 reversed, with $10 costs, plaintiff’s cross motion for summary judgment is denied, and defendant’s motion for summary judgment dismissing the complaint is granted.
Defendant guaranteed a one-year rent-stabilized lease to her son, terminating July 31, 1992. In that lease, she agreed that the guarantee "shall remain in full effect even if the lease is renewed, changed or extended in any way”. After renewal for an additional year ending July 31, 1993, defendant advised plaintiff landlord in writing (in May and June 1993) that she would no longer guarantee the tenant’s obligations on any further renewal of the lease. Plaintiff subsequently executed a second one-year renewal with the tenant and, in this plenary action, seeks to hold defendant for rent defaults incurred during (and beyond) that renewal period. Upon respective motions for summary judgment, Civil Court granted recovery to plaintiff for rent and attorney’s fees.
Notwithstanding the language in the guarantee continuing its force and effect over renewals or extensions of the lease, that provision must be viewed against the backdrop of the rent stabilization scheme which allows for an indefinite number of renewals of the original lease (see, Trump Mgt. v Tuberman, 163 Misc 2d 921). Generally, where a guaranteed contract has no definite time to run, an uncompensated guarantor may revoke and end its future liability by reasonable notice to the principal (63 NY Jur 2d, Guaranty and Suretyship, §§ 147, 152; 10 Williston, Contracts § 1253 [3d ed]). The terms of the guarantee herein should be read as allowing unilateral revocation by defendant guarantor at the end of a given renewal period so as to avoid a construction where defendant’s liability continues for an unlimited and unspecified duration (Delaware Funds v Zuckerman-Honickman, Inc., 43 AD2d 889). To be distinguished are commercial cases where a lease is renewable only for a fixed period, thereby defining at the outset the potential scope of the guarantor’s obligation (see, e.g., Jones & Brindisi v Breslaw, 250 NY 147).
We would add that plaintiff was not compelled to again renew the tenant’s lease once it was advised that the guarantee had been revoked. Under the Rent Stabilization Code (9 NYCRR 2523.5 [a]), a landlord is required to offer a renewal lease only "on the same terms and conditions as the expiring *1000 lease”. Absent the guarantee, which was a material term of the original lease, plaintiff was relieved of its renewal obligation. Defendant should not be required to answer to the plaintiff for the latter’s extension of credit to the tenant subsequent to the receipt of defendant’s notice of revocation.
In light of our disposition, the award of attorney’s fees to the plaintiff necessarily falls. In any event, since there was no proof of the reasonable value of plaintiff’s attorney’s fees submitted below, an assessment should have been directed on that issue (Kumble v Windsor Plaza Co., 128 AD2d 425).
Ostrau, P. J., Parness and Freedman, JJ., concur.