■ HARVEY LEVINE, Respondent-Appellant, v HELEN SEGAL, Appellant-Respondent, et al., Defendants. [682 NYS2d 375] —Order of the Appellate Term of the Supreme Court, First Department (Ostrau, P. J., Parness and Freedman, JJ.), entered October 20, 1997, which reversed an order and judgment of the Civil Court of the City of New York, New York County (Margaret Taylor, J.), entered April 4, 1996, granting plaintiff

landlord's cross motion for summary judgment, and granted defendant guarantor's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We agree with the Appellate Term that where, as here, "a guaranteed contract has no definite time to run, an uncompensated guarantor may revoke and end its future liability by reasonable notice to the principal" (174 Misc 2d 998, 999, citing 63 NY Jur 2d, Guaranty and Suretyship, §§ 147, 152; 10 Williston, Contracts § 1253 [3d ed]). Since defendant guarantor revoked her guarantee for her son's rent stabilized lease during the first renewal period, and since the judgment upon which plaintiff landlord sued her arises exclusively out of unpaid rent from subsequent renewal periods, the Appellate Term properly granted defendant's motion for summary judgment. In addition to finding that the underlying obligation was for an indefinite period, making the guarantee unilaterally revocable, we note that the terms of the guarantee, which are to be strictly construed in favor of the private guarantor, reasonably can be viewed as only obligating the guarantor for the first renewal period (*see, Trump Mgt. v Tuberman*, 163 Misc 2d 921). Moreover, since the guarantee is a separate contract from the lease (*see, supra*), we need not pass on whether its revocation or natural termination had any effect on the rent stabilized lease guaranteed. We have considered plaintiff's other arguments and find them to be unavailing. Concur—Ellerin, J. P., Williams, Mazzarelli and Saxe, JJ. [*See*, 174 Misc 2d 998.]