■ 665-75 ELEVENTH AVENUE REALTY CORP., Appellant, v JANET L. SCHLANGER, as Personal Representative of the Estate of MARTIN SCHLANGER, Deceased, Respondent. [697 NYS2d 270] —Order, Supreme Court, New York County (Emily Goodman, J.), entered September 30, 1998, which insofar as appealed from, denied plaintiff's motion for summary judgment, unanimously modified, on the law, and upon a search of the record, summary judgment granted in favor of defendant dismissing the complaint, and as so modified, affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-respondent dismissing the complaint.

The facts are undisputed. On or about October 13, 1987, Factice, Inc., a closely-held family-owned company, entered into a written lease with plaintiff-landlord 665-75 Eleventh Avenue Realty Corp. The original lease was executed by defendant's decedent Martin Schlanger, in his capacity as president of Factice. Simultaneously, he also executed a separate written guaranty, which provided in pertinent part: "The Guarantor further agrees that this guaranty shall remain and continue in full force and effect as to any renewal, change or extension of the Lease."

The lease by its terms ended on September 30, 1992, and from October 1992 through June 1995 Factice and plaintiff-landlord entered into 25 written extensions of the lease. The final written extension agreement was dated June 1995 (date unspecified), extending the lease to June 30, 1995.

Factice remained as a month-to-month tenant after the last written lease extension and paid monthly rent at the rate of $8,000 for the months of July, August and September 1995. Beginning in October 1995, Factice failed to pay rent and thereafter a non-payment proceeding was commenced against Factice claiming rents through June 1996. Factice appeared in this non-payment action and asserted affirmative defenses, including that the lease had expired and that no written rental extension agreement existed. The Civil Court awarded a full money judgment against Factice, Inc., as well as a later money judgment for additional rent.

Since the judgments remained unsatisfied, plaintiff commenced an action against Martin Schlanger, seeking enforcement of the guaranty he executed. Defendant's decedent Schlanger (now deceased) interposed an answer containing various affirmative defenses, including the same defense raised

by Factice, Inc. in the summary non-payment proceeding, *i.e.*, claiming that no lease extension existed between the parties after June 1995. Both sides moved for summary judgment. The Supreme Court (Emily Goodman, J.), granted the landlord's motion to the extent of striking each of the guarantor's affirmative defenses, but denied summary judgment. The landlord appeals, claiming that it was entitled to summary judgment on its guaranty claims.

The landlord's principal argument on appeal is that the doctrine of collateral estoppel bars the guarantor's position that no extension of the lease existed between the parties, because the Civil Court had previously ruled that the corporate tenant was liable for the rent and the guarantor was in privity with the corporate tenant.

However, the Civil Court made no findings with respect to whether or not there was an extension of the lease after June 30, 1995. Collateral estoppel only arises if a fact is decided by a court of competent jurisdiction, which would then be deemed binding in any further proceeding involving the party against whom it was decided. The money judgments rendered by the Civil Court for the period subsequent to the final written extensions of the lease were presumably for use and occupancy, to which the landlord would be entitled upon expiration of the lease.

The terms of the guaranty, which are to be strictly construed in favor of a private guarantor (*see, Levine v Segal,* 256 AD2d 199, 200), only create an obligation on the part of the guarantor as to "any renewal, change or extension of the Lease." Since a "guarantor should not be bound beyond the express terms of his guarantee" (*Wesselman v Engel Co.,* 309 NY 27, 30), and since it is undisputed that there was no written lease extension beyond June 30, 1995, the guaranty lapsed, releasing the defendant's decedent from liability under the lease. Concur—Rosenberger, J. P., Tom, Mazzarelli, Saxe and Buckley, JJ.