OPINION OF THE COURT
Per Curiam.
Final judgment entered November 15, 2002 affirmed, with $10 costs.
We affirm Civil Court’s award of summary judgment granting possession to landlord based upon tenant’s failure to renew the most recent stabilized lease “on the same terms and conditions as the expir[ed 2000-2001] lease” (Rent Stabilization Code [9 NYCRR] § 2523.5 [a]). Tenant’s original lease terminating May 31, 2001 was guaranteed by her brother-in-law and contained a “no waiver” clause (¶ 28). The tenant subsequently executed a one-year renewal lease expiring May 31, 2002, but the guarantor’s signature was left blank. Addressing that omission, landlord promptly returned the lease to tenant for signature by the guarantor, which was never provided.
In February 2002, landlord served tenant with timely notice for a second renewal of the lease, commencing June 1, 2002; landlord continued to include a guaranty of tenant’s obligations. Following the guarantor’s revocation of the guaranty (see, Levine v Segal, 174 Misc 2d 998 [1997], affd 256 AD2d 199 [1998]), and landlord’s rejection of tenant’s proposed substitute guarantor based upon its review of the latter’s financial condition, landlord terminated the tenancy and this holdover proceeding ensued.
On this record, it cannot be reasonably argued that the 2002 renewal lease was not “on the same terms and conditions” as the original lease executed in 2000. The Rent Stabilization Code seeks to “afford a measure of protection to both parties by permitting the tenant to renew the lease on its original terms . . . while protecting the landlord against the loss of the contractual rights for which it originally bargained” (Matter of David v New York City Conciliation & Appeals Bd., 59 NY2d 714, 716 [1983]). Here, execution of a guaranty was material to the grant of the original lease, and the 2002 renewal lease “did not abridge or diminish rights accorded to the tenant under the [2000] lease, nor did it create new tenancy obligations not expressed in the earlier lease” (Matthews v Patten, NYLJ, Apr. 9, 1993, at 21, cols 1-2 [App Term, 1st Dept]).
*64 Civil Court correctly found, in view of the “no waiver” clause and other circumstances, that landlord did not waive the requirement that the lease renewal be executed by both tenant and a suitable guarantor (see, Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442, 446 [1984]).
Suarez, EJ., Davis and Schoenfeld, JJ., concur.