Mesquite Cr. Wind LLC v Mars Wind, Inc. (2023 NY Slip Op 00929)

Mesquite Cr. Wind LLC v Mars Wind, Inc.

2023 NY Slip Op 00929

Decided on February 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 16, 2023

Before: Renwick, J.P., Oing, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 655535/21 Appeal No. 17355 Case No. 2022-04294 

[*1]Mesquite Creek Wind LLC, Plaintiff-Appellant,
v
Mars Wind, Inc., Defendant, Mars, Incorporated, Defendant-Respondent.

Willkie Farr & Gallagher LLP, New York (Elizabeth J. Bower of counsel), for appellant.
Williams & Connolly LLP, New York (Benjamin W. Graham of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered August 8, 2022, which, insofar as appealed from, granted defendant Mars, Incorporated's motion to dismiss so much of the third cause of action as is based on a guaranty of the production and basis risk mitigation agreement (risk mitigation agreement), unanimously affirmed, with costs.
In April 2014, plaintiff and defendant Mars Wind, Inc. entered into a power purchase agreement, under which Mars Wind agreed to buy certain electric energy generated by plaintiff's wind farm. Mars, Inc. guaranteed to plaintiff the performance of Mars Wind's obligations under the power purchase agreement, even if that agreement was subsequently amended.
In November 2017, plaintiff and Mars Wind entered into the risk mitigation agreement. Under this agreement, if the "monthly risk mitigation amount" was positive, plaintiff had to pay Mars Wind; if it was negative, Mars Wind had to pay plaintiff.
In March 2021, plaintiff sent Mars Wind a bill for $404,926.40 under the power purchase agreement and a bill for more than $74 million under the risk mitigation agreement. Mars Wind refused to pay, and Mars, Inc. refused to pay under its guaranty.
The court correctly granted Mars, Inc.'s motion to dismiss so much of the third cause of action as was based on a guaranty of the risk mitigation agreement (i.e., the $74 million bill). Mars, Inc. guaranteed Mars Wind's performance under the power purchase agreement, and that guaranty is not affected by an amendment or modification of that agreement. The issue at hand, however, involves Mars Wind's performance under the risk mitigation agreement. Because "[a] guaranty is to be interpreted in the strictest manner" (White Rose Food v Saleh, 99 NY2d 589, 591 [2003]), and a "guarantor should not be bound beyond the express terms of his guarantee" (Wesselman v Engel Co., 309 NY 27, 30 [1955]), Mars, Inc.'s guaranty of Mars Wind's performance under the power purchase agreement is not a guaranty of Mars Wind's performance under the risk mitigation agreement. Banque Worms v Andre Cafe (183 AD2d 494 [1st Dept 1992]), upon which plaintiff relies, is distinguishable. In that case, there was only one underlying contract, not two, as in this action. Banque Worms might be applicable if the issue on appeal was whether Mars, Inc. was still bound by its guaranty of Mars Wind's performance under the power purchase agreement, even though that agreement had been amended or modified. However, Mars, Inc. did not move to dismiss plaintiff's claim that it had guaranteed payment of the $404,926.40 bill under the power purchase agreement; it only moved to dismiss the claim that it had guaranteed payment of the $74 million bill under the risk mitigation agreement.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2023