Absolute Med. Servs., Inc. v Garnerville Holding Co., Inc. (2024 NY Slip Op 03871)

Absolute Med. Servs., Inc. v Garnerville Holding Co., Inc.

2024 NY Slip Op 03871

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2020-05388
 (Index No. 33244/13)

[*1]Absolute Medical Services, Inc., plaintiff-appellant,
v
Garnerville Holding Company, Inc., defendant third-party plaintiff-respondent; Ashley Herschmann, third-party defendant-appellant.

Richman & Levine, P.C., Garden City, NY (Ira W. Seligman of counsel), for plaintiff-appellant and third-party defendant-appellant.
Suckle Schlesinger PLLC, New York, NY (Howard A. Suckle, of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, to recover a security deposit on a commercial lease, the plaintiff and the third-party defendant appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated April 23, 2020. The order denied the motion of the plaintiff and the third-party defendant pursuant to CPLR 4404(b) to set aside a judgment of the same court entered February 23, 2018, which, upon a decision of the same court dated January 31, 2018, made after a nonjury trial, is in favor of the defendant third-party plaintiff and against the plaintiff and the third-party defendant on the counterclaim and the first cause of action in the third-party complaint, respectively, in the total sum of $3,781,876.70, and, in effect, in favor of the defendant third-party plaintiff and against the plaintiff dismissing the complaint, and, in effect, for judgment as a matter of law in their favor or, in the alternative, for a new trial.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the plaintiff and the third-party defendant which was pursuant to CPLR 4404(b) to set aside so much of the judgment as is in favor of the defendant third-party plaintiff and against the third-party defendant on the first cause of action in the third-party complaint, and, in effect, for judgment as a matter of law in favor of the third-party defendant dismissing that cause of action, and substituting therefor a provision granting that branch of the motion and vacating that portion of the judgment; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for the entry of an appropriate amended judgment in accordance herewith.
The plaintiff, Absolute Medical Services, Inc. (hereinafter the Tenant), separately leased two commercial properties, referred to by the parties as Building #21 and Building #10B, from the defendant third-party plaintiff, Garnerville Holding Company, Inc. (hereinafter the Landlord). The third-party defendant, Ashley Herschmann, personally guaranteed both leases.
After the written leases expired in March and May 2011, the Tenant remained in possession of the properties and continued to pay rent. In August 2011, Building #21 was damaged [*2]when a wall collapsed during Hurricane Irene. Building #10B was also damaged in the hurricane, and the Tenant vacated both properties.
The Tenant thereafter commenced this action, inter alia, to recover its security deposit on Building #10B. The Landlord asserted a counterclaim to recover the costs of rebuilding Building #21, alleging that the wall of that building collapsed when a car Herschmann had parked inside the building, in violation of the lease, was forced through the wall by floodwater in the building. The Landlord also commenced a third-party action against Herschmann, among other things, to recover on the guaranty.
After a nonjury trial, the Supreme Court, upon a decision dated January 31, 2018, entered a judgment in favor of the Landlord and against the Tenant and Herschmann on the counterclaim and the first cause of action in the third-party complaint, respectively, in the total sum of $3,781,876.70, and, in effect, in favor of the Landlord and against the Tenant dismissing the complaint. The Tenant and Herschmann moved pursuant to CPLR 4404(b) to set aside the judgment, and, in effect, for judgment as a matter of law in their favor or, in the alternative, for a new trial. By order dated April 23, 2020, the court denied the motion. The Tenant and Herschmann (hereinafter together the appellants) appeal from the order.
We note that the appellants' appeal from the judgment was deemed dismissed pursuant to 22 NYCRR 1250.10(a) for failure to timely perfect. While the appellants would ordinarily be precluded from relitigating the issues that could have been raised on their prior appeal from the judgment (see Bray v Cox, 38 NY2d 350), under the circumstances of this case, we exercise our discretion to determine the issues raised on the instant appeal (see Schneider v Hanasab, 209 AD3d 684, 686; Solomon v Green Bay Sanitation Corp., 164 AD3d 854, 854-855).
The Supreme Court properly denied that branch of the appellants' motion which was to set aside so much of the judgment as was in favor of the Landlord and against the Tenant on the counterclaim. Contrary to the appellants' contention, the Supreme Court properly determined that, at the time Building #21 was damaged, the Tenant was subject to the terms and covenants of the lease. "Generally, when a tenant remains in possession after the expiration of a lease, 'pursuant to common law, there is implied a continuance of the tenancy on the same terms and subject to the same covenants as those contained in the original instrument'" (Henderson v Gyrodyne Co. of Am., Inc., 123 AD3d 1091, 1093, quoting City of New York v Pennsylvania R.R. Co., 37 NY2d 298, 300; see Matter of Casamento v Juaregui, 88 AD3d 345, 347). Accordingly, at the time that Building #21 was damaged, the Tenant was subject to the lease provisions requiring the Tenant to park vehicles in "properly marked spaces only" and prohibiting the storage of vehicles on the premises.
The Supreme Court also properly determined that Herschmann's conduct of parking a car inside the building two days before the hurricane and leaving it there constituted a violation of the aforementioned provisions of the lease concerning the parking and storage of vehicles (see generally Greenfield v Philles Records, 98 NY2d 562, 569).
Additionally, contrary to the appellants' contention, the uncontradicted testimony of the Landlord's expert concerning the cause of the wall collapse in Building #21 was not speculative and was based upon facts he observed during his inspection of Building #21 immediately after the hurricane and facts fairly inferable therefrom based upon his expertise (see Hyung Kee Lee v New York Hosp. Queens, 118 AD3d 750, 753).
However, the Supreme Court's determination that Herschmann was liable on the personal guaranty is not supported by legally sufficient evidence. "The terms of a guaranty are to be strictly construed, and a guarantor should not be found liable beyond the express terms of the guaranty" (Solco Plumbing Supply, Inc. v Hart, 123 AD3d 798, 800 [citation omitted]; see White Rose Food v Saleh, 99 NY2d 589, 591). "[A] mere holdover tenancy could not operate in and of itself, to extend a personal guarantee in the absence of such provision in the guaranty" (Lo-Ho LLC v Batista, 62 AD3d 558, 560; see 665-75 Eleventh Ave. Realty Corp. v Schlanger, 265 AD2d 270, 271). Here, the terms of the personal guaranty, strictly construed, did not extend to cover liability [*3]for a breach of the Tenant's obligations occurring after the expiration of the lease and guaranty (see Lo-Ho LLC v Batista, 62 AD3d at 560; 665-75 Eleventh Ave. Realty Corp. v Schlanger, 265 AD2d at 271). Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was to set aside so much of the judgment as was in favor of the Landlord and against Herschmann on the first cause of action in the third-party complaint and, in effect, for judgment as a matter of law in favor of Herschmann dismissing that cause of action. We therefore grant that branch of the motion, vacate that portion of the judgment, and remit the matter to the Supreme Court, Rockland County, for the entry of an appropriate amended judgment.
The appellants' remaining contentions are without merit.
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court