Burke I. Burke, J.
This is a motion, in a foreclosure action, to strike out the answer of defendant, United States of America, and for summary judgment of foreclosure and sale.
As plaintiff requests a judgment of sale, subject only to local real estate taxes, the more substantial question presented is whether the determination in United States v. New Britain (347 U. S. 81 [1954]), with its resulting doctrine of circular priority, is applicable.
Under most State laws, including New York, real property taxes rank above pre-existing liens and mortgages. In the New Britain case (supra) the U. S. Supreme Court held that real property taxes, assessed after a Federal tax is assessed, are subordinate to the Federal tax lien. Thus there arises a circular priority in which:
a. The earlier mortgage outranks the Federal tax lien (Federal and State law).
b. The Federal tax lien outranks the later real property tax (Federal law).
c. The later real property tax outranks the mortgage (State law).
The U. S. Attorney’s brief affords the following example of the mechanics of circular priority:
‘1 A Mortgagee forecloses. The liens, ranked in order of time from oldest to newest, are:
1. The mortgage being foreclosed $5,000
2. Federal tax lien 2,000
3. County tax lien 1,000
Assume that a sale is ordered free and clear of the liens, and a purchaser buys the property for $6,000. The result required by the New Britain case would be as follows: $5,000 is set aside for the mortgage. The remaining $1,000 of surplus money is *566 paid on the federal tax lien, which has been foreclosed. The county lien is paid in full out of the amount set aside for the mortgage, so that the mortgagee ultimately gets $4,000.”
Plaintiff contends the rule does not apply here because of the different type of sale permitted by section 1087 of the New York Civil Practice Act. Defendant, United States of America, denies such contention.
The complaint alleges defaults in payment of principal and interest, and requests sale of the mortgaged premises to satisfy foreclosure costs and expenses and amounts alleged due and unpaid on the bond and mortgage. The complaint further alleges that plaintiff may be required to pay real estate taxes and assessments affecting the permises and asks that if such sums are paid, they be included. The complaint-further alleges that the United States of America is made a defendant by reason of a tax lien filed against Joseph Victory on January 15, 1953 in the amount of $857.07.
The defendant, United States of America, in its answer, denies knowledge or information concerning the mortgage transaction; admits existence of its tax lien; denies said lien is subordinate to any other liens against the premises; and denies said lien is subordinate to any claim by plaintiff for payment of real estate taxes and assessments that plaintiff may choose to make.
The defendant, United States of America, as an affirmative defense, alleges, (1) that there is an unpaid balance of $687.07 plus interest on its tax lien; (2) that the interest and liens of all defendants are inferior to said tax lien; (3) that the judgment of foreclosure and sale, if granted, require the Referee to pay from the proceeds of sale, the amount of said tax lien prior to the payment of the lien of any other defendant.
The present motion was noticed to strike the answer of defendant, United -States of America, to obtain summary judgment of foreclosure and sale, and to include in such judgment a direction that the premises be sold subject to local real property taxes and assessments. The moving papers include an affidavit by an officer of plaintiff, stating plaintiff had not advanced nor would advance any sums for payment of real estate taxes and assessments.
On the return date of the motion, defendant United States of America, filed with the court and served on plaintiff’s attorneys art instrument entitled, ‘ ‘ Answer to Plaintiff’s petition and motion.” Therein defendant, United States of America, re-alleges a balance of $687.07 due on its tax lien and that said lien is superior to all local tax liens; alleges that paragraph seven of its answer controverts the relief sought by plaintiff and that the motion therefore should be denied.
*567 In the event judgment is granted, defendant’s answer alleges such judgment should direct a sale subject to the United States tax lien, if the judgment directs a sale subject to local tax liens; or that such judgment direct payment of the United States tax lien immediately after Referee’s expenses, legal costs and disbursements, principal and interest due on plaintiff’s mortgage, amounts due on other liens choate prior to the United States tax lien, if such judgment directs a sale free and clear of local tax liens.
On the return date of the motion, plaintiff, without objection by defendant, United States of America, submitted proof as to the existence and extent of the mortgage lien for principal and interest, and that it had not advanced nor would advance any sums for real estate taxes or assessments affecting the premises.
Erie County Savings Bank requested and was granted permission to appear and file a brief as amicus curice.
The defendant, United States of America apparently does not seriously oppose the motion for summary judgment. It does maintain that a sale of premises subject to unpaid local taxes should be a sale subject also to the Government’s tax lien or, in the alternative, that if the property is sold free and clear of all liens and incumbrances, the Federal Government’s priority be recognized.
With respect to the motion for summary judgment, the court is of the opinion that, by reason of the evidence submitted on the return date of the motion, the complaint and answer now raise no issue of fact, and that the effect of the answer is to allege (1) priority of the lien of defendant, United States of America, and (2) that the order sought by plaintiff is contrary to law.
Conclusions of law are insufficient to withstand a motion for summary judgment and the court has power to act, as it did in Aquilino v. United States of America (3 N Y 2d 511) where the facts were admitted and the only issue presented, the relative priority of the United States Government and other lien holders. The priority of liens and whether the sale is to be made subject to any local taxes and assessments are matters for the court to determine on application for judgment. Accordingly plaintiff’s motion for summary judgment is granted, there remaining the form of the order directing sale of the mortgaged premises.
Section 1087 of the New York Civil Practice Act, referring to real property foreclosure procedures, reads: ‘ ‘ Where a judgment rendered in an action to foreclose a mortgage upon real property directs a sale of the real property, the officer making the sale must pay out of the proceeds, unless the judgment otherwise directs, all taxes, assessments and water rates which *568 are liens upon the property sold, and redeem the property sold from any sales for unpaid taxes, assessments or water rates which have not apparently become absolute. The sums necessary to make those payments and redemptions are deemed expenses of the sale within the meaning of that expression as used in any provision of this article. The provisions of this section shall not apply to any judgment in an action wherein any municipal corporation of this state is the plaintiff and the purchaser at the foreclosure sale thereunder.”
Under this section it is within the discretion of the court to direct the Referee to pay real property taxes from the proceeds of sale, or to direct the property be sold subject to such taxes.
The New Britain case (347 U. S. 81, supra) does not mandate a sale directing payment of taxes by the Referee. As plaintiff notes in its brief, the United States prefers this procedure so that the Referee may be required to bring the proceeds of sale into court, and then directed to distribute them in accordance with the priority established in the New Britain ease (supra).
In its answer to the complaint, defendant, United States of America, prays that the Referee be required to pay from the proceeds of sale the tax lien of the United States. But in its answer to the application for summary judgment, defendant, United States of America, asks a sale in one of two ways: (1) free and clear of all liens, with the Federal lien paid pursuant to the New Britain rule (supra); (2) subject to local real estate taxes, if also subject to Federal tax liens.
As to the latter proposition advanced by defendant, United States of America, it has been brought to the court’s attention that the only appearances in the New Britain case (supra) were on behalf of the United States and the City of New Britain; that the mortgagee was not represented; that the decision was a determination of tax priorities without an opportunity for argument upon the extensive legal and social ramifications affecting mortgagors and mortgagees; and that the Connecticut decision reversed was one directing distribution of the proceeds of sale.
The New Britain case (supra) did not specifically involve the issue presented here, whether the court in its discretion may direct that the judgment contain a provision for sale by the Referee subject to local taxes and assessments, as set forth in section 1087 of the New York Civil Practice Act. And this court is unwilling to expand the effect of said decision.
Accordingly, it is directed that the clerk enter judgment for the relief demanded in the complaint, and that said judgment provide for sale by the Referee, subject to unpaid local taxes and assessments.
Submit order.