CAROLINE H. FIELD, Plaintiff, *v.* LOUIS CHRONIK, Defendant.

First Department, January 16, 1920.

Judgment — action to foreclose mortgage given by executors and trustees — conclusiveness as to defenses that might have been raised — vendor and purchaser — marketable title.

Where the complaint, in an action to foreclose a mortgage given by executors and trustees under a power contained in a will, alleged that the heirs at law claimed an interest in the property subordinate to the rights of the plaintiff, and all the heirs at law were duly served and appeared therein but did not answer, and a judgment of foreclosure and sale was duly entered therein and a sale properly made thereunder, the heirs who were thus duly served are effectively precluded from thereafter raising the question that the executors and trustees did not have the power to execute the mortgage and that no title passed to the purchaser under the sale.

Accordingly where the plaintiff became the purchaser at said foreclosure sale and more than nineteen years thereafter sold the property to the defendant, the latter cannot refuse to complete the sale on the ground that the plaintiff could not convey a marketable title.

SMITH, J., dissents.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*E. Crosby Kindleberger* of counsel [*Alfred Ricciardi* with him on the brief; *Curtis, Mallet-Prevost & Colt,* attorneys], for the plaintiff.

*Archer P. Cram* of counsel [*T. Louis A. Britt,* attorney], for the defendant.

PAGE, J.:

Bartlett Smith in his lifetime was seized of certain parcels of real estate among which was 148 West One Hundred and Twenty-second street, in the county of New York. When this property was conveyed to him it was subject to a mortgage for $8,000. Bartlett Smith died December 7, 1894, leaving a last will and testament, which was duly admitted to probate and letters testamentary duly issued to the executors therein named. In the will, after directing the payment of his just debts and funeral expenses, he gave and devised all his property, real and personal, to his executors upon certain trusts therein specifically provided. The 8th subdivision of the will read as follows, so far as material to this controversy:

" *8th.* I authorize and empower my executors and the survivor of them and his successors in their or his discretion at any time to mortgage, lien, sell and convey any of or all my real estate and to make any proper agreements with reference thereto and to execute and deliver proper deeds and legal instruments therefor and all the foregoing devises of my real estate shall be construed as subject to such power of disposition thereof by my executors. * * * "

On March 28, 1895, the executors and trustees under the will of Bartlett Smith entered into an agreement by which the mortgage of $8,000 was discharged of record, and a new mortgage was executed by said executors and trustees as such, to secure the payment of $12,500 to this plaintiff, it being recited

that said executors and trustees received from this plaintiff $4,500 in addition to the satisfaction of the mortgage for $8,000. This new mortgage for $12,500 was duly recorded on March 29, 1895. In the month of March, 1900, this plaintiff brought an action in the Supreme Court, held in and for the county of New York, to foreclose the mortgage of $12,500 upon the premises. The summons and complaint named the executors and trustees under the will, and all the heirs at law of Bartlett Smith, deceased, as parties defendant and they all duly appeared by attorney. No answer was interposed by any of the defendants, and a judgment of foreclosure and sale was entered on May 24, 1900. Pursuant to the judgment the referee therein duly appointed sold the premises to the plaintiff. It is agreed that all the proceedings in the foreclosure action and on the sale were regular. Since the year 1900 the plaintiff has claimed to be the owner in fee simple of the premises; since said time, and until August 6, 1919, no one has disputed the title of the plaintiff in and to the said premises. On June 19, 1919, the plaintiff caused the premises to be offered for sale at public auction, and the defendant became the purchaser thereof. The time for closing the title was adjourned to August 6, 1919, when the plaintiff tendered to the defendant a deed of the premises in accordance with the terms of sale, which the defendant refused to accept, claiming that the deed would not convey a marketable title; that the will of Bartlett Smith contained an unlawful suspension of the power of alienation of his real property which, therefore, was vested in his heirs at law; and that the power of the executors and trustees to execute said mortgage was inoperative by reason of the unlawful suspension of the power of alienation.

The judgment of foreclosure and sale bound the parties to the action, if the court had jurisdiction of the parties and of the subject-matter. It is conceded that the court acquired jurisdiction of the defendants. It cannot be questioned that the Supreme Court, held in and for the county in which the real property was situated, had power to foreclose a mortgage which was a lien on such property. Jurisdiction of the subject-matter is power lawfully conferred to adjudge concerning the general question involved; it is not confined within the particular facts that must be shown to make out a specific and imme-

diate cause of action; it is power to act upon the general abstract question, and to decide whether particular facts call for the exercise of that power. The jurisdiction of the subject-matter does not depend upon the ultimate existence of a good cause of action in the plaintiff in the particular case. If its decision is erroneous on the particular case, within the general abstract question, the remedy is by appeal. No matter how erroneous may have been the judgment of the court upon the particular facts, if the subject-matter was within its jurisdiction, it is binding upon the parties until it is reversed or set aside. (*Hunt* v. *Hunt*, 72 N. Y. 217, 229; *Lange* v. *Benedict*, 73 id. 12, 27.)

Applied to the case under consideration, it follows that the court had jurisdiction of the parties and of the subject-matter. The mortgage which was sought to be foreclosed was executed by executors and trustees qualified under a power contained in a will which had been duly admitted to probate and which had not theretofore been questioned or attacked. The validity of the mortgage would be presumed unless attacked. The only persons interested in the question presented were parties to the action. If the executors and trustees did not in fact have the power which the will in terms conferred upon them, because that power was for the purpose of carrying into effect trusts which were void, and the title to the premises was in the heirs at law, they had been summoned to the court and afforded an opportunity to present such a defense. Had the defense been pleaded, and the question litigated and decided against the defendants, no one could contend that the defendants were not bound and would be estopped from afterward setting up their interest as against the judgment in the foreclosure action, and what binds the defendants can be questioned by no one else.

" The present case is within the general rule, that a judgment is conclusive between the same parties and their privies upon all matters embraced within the issue in the action, and which were or might have been litigated therein. It is immaterial whether issue was joined by the defendant or tendered by the plaintiff and left unanswered. The rule applies as well to a judgment by default when the facts stated warrant the relief sought as to one rendered after contest." (*Goebel* v. *Iffla*, 111 N. Y. 170, 177.)

The learned counsel for the defendant claims that the heirs

at law had the paramount title, and that their interest could not be cut off by the foreclosure, unless the issue as to the validity of the power to mortgage was clearly presented by the complaint.  As we have shown, *prima facie* the paramount title to the property was in the executors and trustees; the interest of the heirs at law was that of *cestuis que trust* or remaindermen.  The complaint alleged that Bartlett Smith left him surviving certain heirs at law therein specifically named, all of whom were parties defendant, and alleged in the customary form that they claimed an interest in the property subordinate to the rights of the plaintiff.  If they claimed any interest superior to the rights of the plaintiff, the issue was tendered by the complaint.  If the contention of the defendant was correct, and the power was void, the most that can be said is that the heirs at law had a defense, which they were afforded an opportunity to present, but failed or elected not so to do. The heirs at law are concluded by the judgment from asserting such claim now against any one having title to the property through the judgment and sale therein decreed.  No one but the parties to the action can call in question the purchaser's title, and as they are bound by the judgment (*Blakeley* v. *Calder*, 15 N. Y. 617, 621, 622) and have acquiesced therein for nineteen years, there would seem to be no valid objection to the plaintiff's title.

We do not consider the other interesting questions very ably presented and argued by the respective counsel for the parties as, for the reasons above stated, they cannot now be considered.

The defendant will obtain a marketable title, and the plaintiff is entitled to judgment directing the defendant to specifically perform the contract set forth in the terms of sale by paying the remainder of the purchase price and accepting the deed as tendered by the plaintiff, and that the plaintiff have costs and disbursements of the action to be taxed.

CLARKE, P. J., DOWLING and PHILBIN, JJ., concur; SMITH, J., dissents.

Judgment ordered for plaintiff as stated in opinion, with costs.  Settle order on notice.