MARTHA KING, Suing on Behalf of Herself and All Other Bondholders Similarly Situated, and FRED R. MOORE, as Trustee of a Certain Trust Mortgage Recorded in Liber 3913 at Page 328, in the Office of the Register of New York County, Respondents, v. FRANMOR EQUITY CORPORATION and MORRIS MORGENSTERN, Appellants, Impleaded with MONARCH LODGE APARTMENTS, INC., and Another, Defendants.

First Department, June 19, 1940.

304

*C. Elmer Spedick* of counsel [*Gerard A. Cartier* with him on the brief], for the appellants.

*Hugo E. Rogers* of counsel [*Sidney Hauptman* and *Ralph Losso* with him on the brief], for the respondents.

COHN, J. Monarch Lodge No. 45, Improved Benevolent and Protective Order of Elks of the World, was the owner of a plot of land on West One Hundred and Thirty-eighth street, New York city. To carry out a building operation, it organized Monarch Lodge Apartments, Inc., and transferred its property to this new corporation. On the westerly end of the land Monarch Lodge

Apartments, Inc., constructed an apartment house. After completion that portion of the property thus improved was incumbered by three mortgages. The second mortgage was a trust mortgage against which bonds were sold in various denominations to plaintiff Martha King and other persons. Fred R. Moore was trustee under the mortgage indenture.

Thereafter Monarch Lodge Apartments, Inc., started to construct another multiple dwelling on the remaining portion of its land. During the course of this building operation Monarch Lodge Apartments, Inc., encountered financial difficulties. It required additional funds to complete the building. Defendant Morgenstern, who held the first mortgage on the first building operation, agreed to loan $25,000 on the security of the apartment house which was first constructed, provided that the second and third mortgages thereon were subordinated to the new proposed mortgage. The third mortgagee thereupon subordinated and bondholders holding $43,575 in amount of the second mortgage bonds of a total of more than $50,000 face amount of outstanding bonds consented to a subordination of the second mortgage.

Believing that the bondholders who signed the consent to subordinate the trust mortgage comprised all the bondholders of the issue, plaintiff Fred R. Moore, trustee under the trust mortgage indenture, signed an agreement subordinating the trust mortgage to the new mortgage executed and delivered by Monarch Lodge Apartments, Inc., to defendant Morgenstern. No effort appears to have been made by defendant Morgenstern to ascertain whether the trustee had the power to subordinate, or whether the $43,575 consenting bondholders constituted all the bondholders under the second mortgage trust indenture.

The mortgage taken by Morgenstern was later assigned to defendant Franmor Equity Corporation. Thereafter, because of defaults under its mortgage, the latter instituted an action to foreclose. In the complaint in the foreclosure action the making of the subordination agreement by Fred R. Moore, trustee, was alleged. It was further alleged that the trust mortgage was subordinate in lien to the mortgage held by Franmore Equity Corporation, the plaintiff in the foreclosure action. The relief demanded in the foreclosure action was that all defendants and every person claiming through, from or under them, be barred and foreclosed of all right, title, claim and equity of redemption in the mortgaged premises.

The trustee, Fred R. Moore, was served with the summons and complaint in the foreclosure action in which he was made a party defendant in his representative capacity. Moore sought contri-

butions from bondholders to defeat the action. Being unsuccessful, he failed to appear or answer. Judgment of foreclosure was entered in favor of Franmor Equity Corporation and the mortgaged premises were sold pursuant to such decree.

The present action was subsequently brought by Martha King, a bondholder, suing in her own behalf and in behalf of all other bondholders similarly situated. Fred R. Moore, the trustee of the mortgage against which the bonds were issued, was later added as a party plaintiff by order of the court. After a trial these plaintiffs succeeded in obtaining the judgment now under review, which among other things invalidated the agreement subordinating the trust mortgage held by plaintiff trustee to the mortgage for $25,000 executed and delivered to defendant Morgenstern. The judgment also reinstated the trust mortgage to the extent of $51,075 and interest and declared the $25,000 mortgage to be a lien in the sum of $20,000 subject and subordinate to the lien of the trust mortgage.

We think that the judgment appealed from is erroneous. The defense interposed by defendants-appellants that the judgment of foreclosure previously obtained by defendant Franmor Equity Corporation constitutes a final determination of the issues involved herein and bars the plaintiffs and all bondholders similarly situated, was clearly established and is fatal to plaintiffs' action.

The bondholders acquired their bonds subject to the conditions set forth in the trust mortgage indenture, and the terms of the agreement are, therefore, binding upon the bondholders. (*Benton* v. *Safe Deposit Bank*, 255 N. Y. 260, 265.) Under the trust indenture, the trustee was authorized to represent the bondholders in all actions in carrying on the prosecution or defense of any suit affecting the security for the bonds issued thereunder. The trust indenture also contained a provision that the trustee was deemed the representative of the bondholders in any suit affecting the agreement or the property covered by the lien of the indenture. Accordingly, a judgment entered in such an action against the trustee is binding upon all the bondholders as to all issues presented. (*Equitable Trust Co.* v. *Vanderbilt Realty Imp. Co.*, 155 App. Div. 723; *Watson* v. *Chicago, Rock Island & Pacific R. R. Co.*, 169 id. 663.)

The plaintiffs' contention that, as a prior lien, the trust mortgage could not have been cut off in the foreclosure unless provision had been made for a determination of the amount of the trustee's claim and payment thereof from the proceeds of the sale, is, in the circumstances, without merit.

The trustee was not made a party as a prior incumbrancer. He was made a party defendant as subsequent lienor. Though he were made a party as a prior incumbrancer, it would, nevertheless,

be possible to cut off the lien of the trust mortgage by tendering the issue of priority for determination. Such was the holding of the Court of Appeals in *Jasper* v. *Rozinski* (228 N. Y. 349). Quoting from *Tax Lien Co.* v. *Schultze* (213 N. Y. 9), it said (p. 357): " ' If a plaintiff in any foreclosure action chooses to make a person who claims that he holds a lien upon or interest in the property sought to be foreclosed that is prior and superior to the claim of the plaintiff, a party defendant, either for the purpose of determining the amount of the claim and paying it from the proceeds of sale or of having the same declared to be subject and subordinate to his lien, such claim should be clearly stated in the complaint. When a plaintiff so clearly states his claim in a complaint the defendant must appear in the action and present his claim by appropriate pleading or pleadings, and if necessary by proof or suffer the ordinary consequences of a default.' "

It thus appears that a prior lien may be cut off in a foreclosure action, where a prior lienor is made a party defendant for either of the following purposes: (1) To determine the amount of his claim and to pay it from the proceeds of sale, or (2) to have the claim declared to be subject and subordinate to plaintiff's lien.

The case at bar falls within the second category. The trustee was made a defendant upon allegations that his mortgage was subject and subordinate to the lien of plaintiffs' mortgage because of the execution of a subordination agreement, thus raising the issue of priority, which could have been determined in that action. Plaintiffs sought a sale of the property, free and clear of the lien of the trust mortgage. The issue of the priority of the mortgages was duly tendered to the trustee in the foreclosure action wherein the court had jurisdiction of the parties and of the subject-matter. The judgment rendered therein is *res adjudicata* as to such issue. (*Roarty* v. *McDermott*, 146 N. Y. 296; *Field* v. *Chronik*, 190 App. Div. 501; *Brooklyn Trust Co.* v. *Libonati*, 254 id. 199.)

It follows, therefore, that the judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., UNTERMYER and CALLAHAN, JJ., concur; GLENNON, J., dissents.

Judgment reversed, with costs, and the complaint dismissed, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.