METROPOLITAN LIFE INSURANCE COMPANY, Respondent, v. UNITED STATES OF AMERICA, Appellant, et al., Defendants.

First Department, December 15, 1959.

*Stephen Kurzman, Assistant United States Attorney,* of counsel (*S. Hazard Gillespie, Jr., United States Attorney for the Southern District of New York,* attorney), for appellant.

*Roger E. Seidel* of counsel (*Theodore H. Friend* with him on the brief; *Tanner, Friend, Kinnan & Post,* attorneys), for respondent.

M. M. FRANK, J. In this case we are called upon to decide whether a Federal tax lien has priority over the voluntary payments by a mortgagee of local real estate taxes and water charges which accrued after the recording of the Federal lien, although the mortgage under which the local liens were paid was recorded several years before the Federal lien arose.

The question is close and not entirely free from doubt. The learned court at Special Term held, in effect, that the payments for local taxes by the plaintiff had priority over the Federal lien.

The chronology of events is neither complicated nor disputed. To secure a loan it made, the plaintiff received a bond and mortgage from the owner of the property in question, which was recorded on May 7, 1946. The instrument, in statutory form, contained the usual provision requiring the mortgagor to pay all taxes, assessments, and water charges, and in default thereof, the mortgagee had the option to make such payments and add them to the balance due on the obligation. Some time after it acquired title, the nonappealing defendant, who was not the original mortgagor, defaulted, and a foreclosure action was commenced on September 29, 1958, to which action the United States was made a party defendant on January 19, 1959.

On December 9, 1952, a lien against the owner for unpaid Federal taxes in the sum of $6,807.94 arose by virtue of an assessment list filed with the Collector of Internal Revenue. Thereafter, on July 21, 1954, a notice of lien was filed in the office of the Register of the City of New York, Bronx County, where the property is located. For our purposes, the distinction between the 1952 and 1954 dates is immaterial.

Commencing on June 27, 1958, approximately four years after the notice of the Federal lien was filed in the Register's office, the plaintiff mortgagee commenced to pay city real estate taxes and water charges. The earliest local lien attached on June 20, 1957 and the total sum paid, covering the period from that date to September 20, 1958, was $4,022.17, including interest.

The Real Property Law * of the State directs that payment of taxes, assessments, and water rates, if made by the mortgagee, are secured by the mortgage and, in effect, become a part of the original debt or unpaid balance secured by the mortgage. Essentially, the respondent argues that since the mortgage has priority over any subsequent lien under New York law, and since the local taxes paid are secured by the mortgage, the preference granted to it in that respect by the judgment is correct. As authority for its position, the respondent places reliance upon *Rikoon* v. *Two Boro Dress* (9 Misc 2d 591, mod.

---

* Real Property Law (§ 254, subd. 6) provides in part that a covenant such as is contained in the mortgage foreclosed in this case "must be construed as meaning" that "in default thereof the holder of this mortgage may pay the same, and the mortgagor will repay the same with interest, and the same shall be liens on said premises *and secured by the mortgage*" (emphasis supplied).

on other grounds 8 A D 2d 986, reargued 9 A D 2d 783 [2d Dept.]). That case treated taxes unpaid at the time of the foreclosure as expenses of the foreclosure sale under sections 1082 and 1087 of the Civil Practice Act and held them not subordinate to the Federal lien. That determination was predicated, therefore, on a different state of facts. Even if we were to assume that *Rikoon* is precisely applicable to the situation here, we can neither adopt nor follow the rule.

We are confronted with a Federal statute here.* While it is true that State law defines and regulates the plaintiff's lien, Federal law determining the priority of Federal tax liens with respect to mortgages and other State and local liens remains paramount (*Aquilino* v. *United States of America,* 3 N Y 2d 511, 515), and it is a Federal question to be determined by the Federal courts (*United States* v. *Acri,* 348 U. S. 211, 213; *Illinois* v. *Campbell,* 329 U. S. 362, 371; *United States* v. *Security Trust & Sav. Bank,* 340 U. S. 47, 49). Moreover, the characterization or effectiveness of a lien by State law, does not necessarily bind the Federal courts (*United States* v. *Acri, supra*; see, also, *United States* v. *Waddill Co.,* 323 U. S. 353, 357). In essence, Metropolitan takes the position that the doctrine of relation back should be applied and, as indicated herein, the payments for taxes which it made should be treated as part of the original mortgage lien. Without detailing the reasons therefor, it will suffice to say that the doctrine of relation back has been rejected by the United States Supreme Court (*United States*

---

* "Property subject to lien.

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." (U. S. Code, tit. 26, § 3670 [1952 ed.].)

"Period of lien.

"Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector". (U. S. Code, tit. 26, § 3671 [1952 ed.].)

"Validity against mortgagees, pledgees, purchasers, and judgment creditors.—

"(a) Invalidity of lien without notice. Such lien shall not be valid as any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) Under State or Territorial laws. In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory; or * * *." (U. S. Code, tit. 26, § 3672 [1952 ed.].)

v. *Security Trust & Sav. Bank, supra*; see, also, *United States* v. *Christensen*, 269 F. 2d 624).

In *United States* v. *New Britain* (347 U. S. 81) the contest revolved around the priority of Federal tax liens and city liens for delinquent real estate taxes and water charges. The United States Supreme Court discussed the view taken by the Connecticut Court of last resort that the local liens had priority since " the mortgagee could have paid the delinquent real-estate taxes and water rent, with the amount so paid becoming part of the mortgage debt covered by the mortgage lien " (p. 87). Although the Supreme Court indicated that there was no need to pass on the merits of the suggestion because the problem was not presented by the record in the case, it rejected the proposition as inapplicable to the Federal law.

The rationale of *New Britain* was thereafter specifically applied in a factual situation closely akin to the case under consideration (*United States* v. *Christensen, supra*). In that case the District Court (Arizona) held that local real property taxes took priority over Federal tax liens. The delinquent local taxes were paid by the mortgagee under an instrument, like the one here, that permitted him to do so and to add such sums to the mortgage indebtedness. The local liens were later in time than the Federal ones. In reversing the judgment, the Court of Appeals flatly stated (p. 627): " Payment of state taxes on mortgaged property by a prior mortgagee after federal tax liens are recorded does not give the mortgagee a lien for such local taxes superior to the appellant's prior tax liens."

The rule that " the first in time is the first in right " has been accorded general acceptance (33 Am. Jur., Liens, § 33; 53 C. J. S., Liens, § 10, subd. b), has been approved by the highest court in the land (*United States* v. *New Britain, supra*) and should be applied to the case at bar. There can be no quarrel with the proposition that the National Government is not to be frustrated in the collection of revenue by the tax priority laws of half a hundred different States.

From the foregoing, it must be concluded that contentions similar to those urged by the plaintiff here have been considered and rejected by the Federal courts.

We agree with the reasoning in *Christensen* and we are persuaded that the rule adopted in that case, conforming as it does to the rationale of *New Britain,* should be applied here.

The judgment should be modified on the law to reject so much of the Referee's report as grants priority to payments made by the plaintiff for real estate taxes, water charges and interest

thereon over the tax lien of the United States of America and to grant priority to the Federal lien. As so modified the judgment should otherwise be affirmed, with costs to the appellant.

BOTEIN, P. J., BREITEL, RABIN and VALENTE, JJ., concur.

Judgment unanimously modified on the law to reject so much of the Referee's report as grants priority to payments made by the plaintiff for real estate taxes, water charges and interest thereon over the tax lien of the United States of America and to grant priority to the Federal lien. As so modified, the judgment is otherwise affirmed, with costs to the appellant. Settle order.