John H. Farnham, J.
Plaintiff bank held a first mortgage on real property owned by the defendants Murphy, which mortgage was recorded in the Cayuga County Clerk’s office. Following the recording of the mortgage, the defendant United States filed a tax lien against defendants Murphy, which became a lien against their said real property. Thereafter, in July of 1959, the mortgage having reached a default status, the plaintiff commenced foreclosure proceedings and joined the defendant United States, which formally appeared in the action but did not interpose an answer.
In June of 1960, the plaintiff bank advanced the sum of $356.63 in order to pay certain local taxes which were a lien on the property in question but which became a lien subsequent in point of time to that of the United States.
Following judgment of foreclosure granted in the action, the property was sold at public sale on March 16, 1960, at which time the time for the defendant United States to answer had expired long since. This defendant at no time interposed any answer or claim, nor moved in court with respect to the action in any manner. It appears, however, that the legal representative of the defendant United States appeared at the sale and asserted the lien of the United States to such an extent that the Referee refused to turn over to the plaintiff the amount of $356.63, which it had advanced in taxes.
Thereafter, following an order to show cause brought on for the purpose of directing the said Referee to pay the said amount of advanced taxes to the plaintiff, Justice 0 ’Mara of the Supreme Court, presiding on the return of said order, made an order providing that the Referee should pay said sum to the plaintiff in the event that the defendant United States should not interpose further application to assert its claim, to the said sum within 30 days of the service of said order upon it. Subsequent to the service of a copy of said order upon it and apparently within the 30-day period the United States brought this proceeding by notice of motion for an order directing that the said sum of $356.63 be paid to the. United States of America.
The motion was argued before this court on August 8 and submitted for decision, and the sole issue here presented is *201 whether the plaintiff or the defendant United States is entitled to said funds. The court believes that the question to be determined is close. However, the case of Metropolitan Life Ins. Co. v. United States (9 A D 2d 356) appears to be controlling. In that case, the facts were identical to those in the instant case and it was there held on the authority of United States v. City of New Britain (347 U. S. 81) that local liens arising subsequently in time to those of the United States were subordinate to the latter. ’ A review of the New Britain case (supra) and the language of said opinion on page 87 thereof appears beyond dispute to control the facts in the instant case.
The court also has reviewed the ease of Rikoon v. Two Boro Dress (9 Misc 2d 591) and while the reasoning in that case is strong, the authorities quoted above cannot be ignored. Also, it would seem that the Rikoon case (supra), appears to have been overruled by implication at least. In the above-quoted Metropolitan case (supra, p. 358) quoting as follows: “ Even if we were to assume that RiJcoon is precisely applicable to the situation here, we can neither adopt nor follow the rule ”. The statement in New Britain (supra, p. 85), “ The first in time is the first in right ”, appears to be the law beyond dispute.
As to the allegation by the plaintiff that the United States must be held to be in default on procedural grounds, this court is not in accord. The key attack on the G-overnment position by the plaintiff seems to be United States never appealed from the judgment of foreclosure and sale. Under the terms of said judgment, the Referee was directed to pay out of the proceeds of the sale ‘ ‘ all taxes * * * which are liens upon the property sold ”. This procedure was mandatory under sections 1082 and 1087 of the Civil Practice Act unless the judgment of foreclosure states otherwise, which it did not do in this ease. It is difficult for this court to understand why, under these circumstances, any point should be raised by the plaintiff with respect to the failure of the defendant to file an appeal from the judgment of foreclosure. The United States was protected, in the opinion of this court, under the said judgment, which directed the Referee to pay out of the proceeds of the sale all taxes, etc., which were liens upon the property sold, and the lien of the United States seems to be in this category. With this protection, there was no necessity for the United States to file an appeal from the foreclosure of judgment. The decision of Justice O’Mara indicates that at that time there was concern on the part of the court with respect to the validity of the lien of the United States. On the authority of the cases herein cited, *202 it was incumbent upon the Referee to pay the taxes in the order in which they arose as liens, and in point of time there is no question that the tax lien of the United States preceded the local tax liens. Therefore, the doctrine in the New Britain case (supra) seems to apply. “ The first in time is the first in right ”, The motion is granted.