Edward M. O’Gorman, J.
This is a motion for summary judgment.
The plaintiff has brought an action to foreclose a mortgage, in the original amount of $7,500, which was recorded on June 24, 1958. On the 4th day of February, 1960, the United States of America filed a notice of Federal tax lien against the owner of the mortgaged premises. The notice was for taxes levied under the Internal Revenue Code in the amount of $3,528.96, which became a lien on the 20th day of March, 1959.
On February 27, 1960, the plaintiff paid certain local real property taxes in the amount of $166.33 which had been assessed against the mortgaged premises for the year 1960, and which the mortgagor had failed to pay. On March 16, 1960, the plaintiff paid the sum of $35.88 for insurance premiums on the said *120 premises which the mortgagor had failed to pay. The amount for which judgment is now sought includes the unpaid principal and interest, and the aforesaid payments on account of taxes and insurance which had been added to principal in accordance with the terms of the mortgage.
The defendant United States of America opposes the motion, claiming that its lien comes ahead of local real property taxes becoming a lien after March 20, 1959, and ahead of any reimbursement of the plaintiff for sums paid on account of such taxes or insurance after the 4th day of February, 1960.
State and Federal cases which have dealt with the question of the payment of local real property taxes which are a lien at the time of the foreclosure sale have reached contrary conclusions. To the effect that the payment of these taxes does not have priority at the time of the sale (see Stadelman v. Hornell Woodworking Corp., Commerce Clearing House U. S. Tax Cases, vol. 59-1, § 9296; Metropolitan Life Ins. Co. v. United States, 9 A D 2d 356).
However, the Court of Appeals has held that such payments are part of the expenses of the sale, pursuant to section 1087 of the Civil Practice Act. (Wesselman v. Engel Co., 309 N. Y. 27.)
Thereafter, in Rikoon v. Two Boro Dress (9 Misc 2d 591, affd. 8 A D 2d 986, reargued 9 A D 2d 783 [2d Dept.]), it was held that inasmuch as such local real property taxes were to be considered as expenses of the foreclosure sale, their payment must come before the application of any of the proceeds of the sale to a Federal tax lien. (To the same effect, see Kronenberg v. Ellenville Nurseries & Greenhouses, 22 Misc 2d 247 [1960].)
The holding in Rikoon (supra) determines for us the provisions to be contained by the order herein with respect to the payment of local taxes, the lien of which affects title to the property at the time of the sale.
Coming to the question of the treatment to be accorded the mortgagee with respect to reimbursement for its advances made during the year 1960 for the payment of local taxes and insurance, we are faced with a conflict between the requirements of public policy and justice to the mortgagee, and the “ proposition that the National Government is not to be frustrated in the collection of revenue by the tax priority laws of half a hundred different States.” (Metropolitan Life Ins. Co. v. United States, supra, p. 359.)
The arguments on behalf of the mortgagee are multiple. When the mortgage was entered into, the mortgagee, in good faith and for value, risked the money loaned, partially on the strength *121 of being able to protect itself against steadily mounting interest and penalties on unpaid local taxes, which are, by our law, liens prior to the mortgage. Now that the principal has been loaned, the Federal Government is asserting its right to terminate this protective feature of the mortgage and appropriate to itself the increase in the proceeds of the sale brought about by the foresight and risk assumed by the mortgagee.
If the Government’s contention is to prevail, this penalty is to be inflicted although the mortgagee has done nothing to diminish the proceeds available for distribution, and has not profited from the activities which gave rise to the Federal tax lien.
Upholding the Government’s contention, on the facts presented in this case, will create an almost indefensible injustice and inconsistency. The mortgagee who fails to advance the money to pay delinquent local taxes will be protected out of the proceeds of the sale, although those proceeds are diminished by the local tax penalties which it has suffered to accrue, but the mortgagee who advances these tax payments, thereby increasing the proceeds available for distribution, is to be denied all protection. Indeed, at this very moment, the Government is enjoying the protection of the insurance for which the mortgagee advanced the premium, and for which the mortgagee will probably receive no payment if the government’s contention prevails.
While Rikoon v. Two Boro Dress (supra) reaches an equitable result when dealing with the proceeds of sale, it is based on an interpretation of the provisions of section 1087 of the Civil Practice Act.
The Court of Appeals, however, has held in Wesselman v. Engel Co. (supra) that “ The purpose of this section is to protect, not the mortgagee, but the purchaser on a foreclosure sale who is entitled to a clear title.” Under these circumstances, the holding of Rikoon (supra) cannot be said to require a decision on this point in favor of the mortgagee.
The precise question presented here has been before the Federal courts in United States v. Christensen (269 F. 2d 624), the court holding that payment of State taxes on mortgaged property by a prior mortgagee, after Federal tax liens are recorded, does not give the mortgagee a lien for such local taxes superior to the Federal Government.
In this State, the question came before the court in Metropolitan Life Ins. Co. v. United States (supra) and there the court felt constrained to follow the decision in United States v. Christensen (supra).
*122 In view of these decisions, we cannot fail to do likewise, until such time as higher Federal or State courts reach a different result.
The motion of the plaintiff for summary judgment is granted to the following extent:
The judgment of foreclosure and sale is granted, the judgment to provide that out of the proceeds of sale the Referee shall pay all unpaid local real estate taxes, assessments and water charges which are a lien against the premises at the time of the sale, and, with that exception, to grant priority to the Federal lien, and such judgment shall further provide that the equity of redemption of the defendant United States of America shall not be terminated until the expiration of one year from the date of the sale.