BUFFALO SAVINGS BANK, Respondent, v. BEVERLY VICTORY, Individually and as Administratrix of the Estate of JOSEPH B. VICTORY, Deceased, et al., Defendants, UNITED STATES OF AMERICA, Appellant.

Fourth Department, May 18, 1961.

*Neil R. Farmelo, Acting United States Attorney (C. Donald O'Connor* of counsel), for appellant.

*Evan E. James,* guardian ad litem for Duane B. Victory and another, defendants.

*Little & Burt (John H. Little* of counsel), for respondent.

*Moot, Sprague, Marcy & Gulick* for Erie County Savings Bank, *amicus curiæ.*

*Per Curiam.* This case involves the question of the priority of a United States Government tax lien over liens for subsequently accrued local taxes in a mortgage foreclosure action. In our opinion, the rule of priorities laid down in *United States* v. *City of New Britain* (347 U. S. 81) applies. The detailed terms of our order spell out our view of the proper application of that rule to the facts and relative priorities here present.

County Court, in the order appealed from has endeavored to invoke what that court has construed to be the doctrine of *Rikoon* v. *Two Boro Dress* (9 Misc 2d 591, mod. 8 A D 2d 986, reargument 9 A D 2d 783, motion for leave to appeal denied 7 N Y 2d 711). The County Court directed the payment of local taxes, subsequent in time to the lien of the United States Government, as "expenses of the sale" under section 1087 of the Civil Practice Act, thus giving such local taxes priority over the Government lien. It is difficult to determine whether the decision by the Appellate Division in the *Rikoon* case was based on that theory or whether the decision was effected by the failure of the United States to appeal from prior orders or to move to vacate the judgment of foreclosure. In any event, the provisions of the New York Civil Practice Act permitting the court to direct that local taxes be paid as expenses of the sale, could not prevail as against the authority of the *New Britain* case (cf. *Metropolitan Life Ins. Co.* v. *United States,* 9 A D 2d 356 [1st Dept., 1959]).

Furthermore, an analysis of the cases decided since *New Britain* discloses no indication or tendency on the part of the higher Federal courts to impair or abrogate the *New Britain*

rule. It has been decided that the question of priority of a Federal lien is to be determined by Federal law but that the property to which such a lien attaches is a matter of State law (*Aquilino* v. *United States,* 3 N Y 2d 511, revd. 363 U. S. 509 [1960]; *United States* v. *Durham Lbr. Co.,* 363 U. S. 522 [1960]; see, also, *Matter of City of New York* [*Coblentz*], 5 N Y 2d 300, cert. denied *sub nom. United States* v. *Coblentz,* 363 U. S. 841 and *United States* v. *Bess,* 357 U. S. 51). It has also been held that while local '' procedure '' should be followed in foreclosing a mortgage (*United States* v. *Brosnan,* 363 U. S. 237 [1960]), such '' procedure '' cannot cut off a right expressly granted to the Federal Government by Congress (*United States* v. *John Hancock Mut. Life Ins. Co.,* 364 U. S. 301 [1960]). (See, also, note in Reports of American Bar Association, 1959, vol. 84, pp. 661–664.)

Inasmuch as County Court failed to follow the determination and intent of our opinion and order, when this case was last before us, we have set forth precisely the provisions to be contained in the modified judgment.

Certain provisions that should be included in the order, which may be of interest are as follows:

'' ORDERED, ADJUDGED AND DECREED that the mortgaged premises described in the complaint * * * be sold at public auction * * *; that said referee execute to the purchaser or purchasers on such sale a deed of the premises sold; and that said sale shall be made free and clear of all liens. It is further

'' ORDERED, ADJUDGED AND DECREED * * *

'' That said referee forthwith, upon receipt of the proceeds of sale or any part thereof, deposit the same in his own name as referee, in the Liberty Bank of Buffalo, and that said referee, after the delivery of said deed, ·pay from the moneys so deposited the referee's legal fees, the allowance to the Special Guardian and Designated Attorney, and the lawful advertising expenses, and the plaintiff's costs and disbursements as heretofore adjudged, with interest from the date hereof.

'' That out of the net proceeds of the sale then remaining, the referee shall set aside the sum found to be due upon the plaintiff's mortgage with interest thereon as aforesaid, and also a sum sufficient to pay other outstanding liens, if any, which are superior to the tax lien of the United States by reason of their accrual prior to the time of filing of the United States lien, with interest, in a separate bank account in his name, to be designated the 'Priority Adjustment Fund.' In the event of any uncertainty or dispute as to the amounts or priorities

of said liens, the referee shall apply to the County Court for directions, upon notice to all interested parties.

" From the balance remaining, if any, after the setting aside of the said sum, the said referee shall pay the tax lien of the United States, filed on January 15, 1953, with interest, or so much thereof as he is able to pay out of the said balance.

" From the balance remaining, if any, after such payment to the United States, the referee shall pay all local real estate taxes and assessments and water rates which are liens upon the property sold, and pay the cost of redeeming said property from any real estate taxes, assessments and water rates which had not apparently become absolute, the liens of all such taxes, assessments and water rates being inferior to the tax lien of the United States, having accrued subsequent to the time of the filing of the United States tax lien. If there are insufficient moneys available to pay such real estate taxes and assessments and water rates, the balance thereof remaining unpaid shall be paid out of the Priority Adjustment Fund above directed to be set aside.

" If there be a surplus remaining after making the payments in accordance with the foregoing directions, the referee shall deposit the same, within five days after its ascertainment, with the Liberty Bank of Buffalo, to the credit of this action, but subject to the further order of the Court herein.

" The referee shall pay out of the Priority Adjustment Fund the amount owing to the plaintiff as heretofore adjudged, and thereafter the amount of each of the other liens for which the said sum was so set aside, in order of their priority, or so much thereof as the sum so set aside shall be sufficient to pay ".

The judgment appealed from should be modified accordingly.

Present — WILLIAMS, P. J., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Judgment unanimously modified, on the law in accordance with the opinion and as modified, affirmed, without costs of this appeal to any party.